## GILLISPIE v BOARD OF TENANT AFFAIRS OF THE DETROIT HOUSING COMMISSION

Docket No. 80726. Submitted July 1, 1985, at Detroit.—Decided September 3, 1985. Leave to appeal applied for.

Plaintiff, Janice A. Gillispie, received a judgment in the Wayne Circuit Court in an action against defendant, Board of Tenant Affairs of the Detroit Housing Commission. The judgment was for $500,000. Defendant appealed and the plaintiff cross-appealed. The Court of Appeals affirmed. 122 Mich App 699 (1983). The parties thereafter agreed that $956,463.50 would fully pay the judgment and interest thereon, and that amount was paid to the plaintiff. A satisfaction of judgment was then filed. Plaintiff thereafter filed a motion in the Wayne Circuit Court for relief from final proceedings pursuant to GCR 1963, 528.3(1). Plaintiff sought to set aside the satisfaction of judgment alleging that a mutual mistake had been made in computing the interest which was due on the judgment. The trial court, Susan D. Borman, J., entered an order denying the motion for relief. Plaintiff appeals therefrom. *Held:*

1. The satisfaction of judgment accurately represented the intention of the parties. The so-called mistake related only to plaintiff's method of computing the interest; an extrinsic fact.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Interest and Usury §§ 59 *et seq.*

Date from which interest on judgment starts running, as affected by modification of amount of judgment on appeal. 4 ALR3d 1221.

[2, 3] Am Jur 2d, Judgments §§ 671 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Judgments.

[4] Am Jur 2d, Mistake, Accident, or Surprise § 7.

See the annotations in the ALR3d/4th Quick Index under Mutual Mistake.

[5, 6] Am Jur 2d, Courts §§ 82-86.

Retrospective application and effect of state statute or rule allowing interest or changing rate of interest on judgments or verdicts. 41 ALR4th 694.

At the time that the parties computed the interest and agreed upon the amount, their computation was not incorrect.

2. The failure to set aside the satisfaction of judgment will not result in a substantial injustice.

3. There was no abuse of discretion in the trial court's denial of the motion to set aside the satisfaction of judgment.

4. Retroactive application of the holding in *Gage v Ford Motor Co,* 133 Mich App 366 (1984), to this case would be inappropriate.

5. The filing of a satisfaction of judgment is and should be the mark of finality.

Affirmed.

1. INTEREST — JUDGMENT INTEREST — CIVIL ACTIONS.

Interest on a money judgment recovered in a civil action is to be compounded annually at a rate of 12% after June 1, 1980; where a judgment is rendered in a cause of action filed prior to that date, the rate of interest is to be 6% computed as simple interest from the date of filing of the complaint until June 1, 1980; thereafter the rate of 12% compounded annually applies to the amount of judgment combined with interest which has accrued to June 1, 1980, at the 6% simple interest rate (MCL 600.6013; MSA 27A.6013).

2. JUDGMENTS — RELIEF FROM JUDGMENTS — APPEAL.

The denial of a motion to set aside a judgment will not be reversed on appeal absent an abuse of discretion.

3. JUDGMENTS — RELIEF FROM JUDGMENTS — GENERAL COURT RULES.

Relief from a judgment will only be granted under the court rule regarding relief from a judgment because of mistake when the circumstances are extraordinary and the failure to grant the relief would result in substantial injustice (GCR 1963, 528.3[1]).

4. WORDS AND PHRASES — MUTUAL MISTAKE.

A mutual mistake regarding a written instrument is one in which the written instrument differs from the parties' intent because of a mutual error; it does not refer to a mistake regarding an extrinsic fact.

5. COURTS — RULES OF LAW — RETROACTIVITY.

Three considerations are often applied to determine whether a new rule of law should be applied retroactively: (1) the purpose of the new rule, (2) the litigants' reliance on the old rule, and (3) the impact of the rule on the administration of justice.

6. COURTS — RULES OF LAW — RETROACTIVITY.

The application of a new rule of law normally falls within one of

three categories; a new rule of law may be (1) applied in all cases in which a cause of action has accrued and which are still lawfully pending, plus all future cases, (2) applied to the case at bar and all future cases, or (3) applied only to future cases.

*Lampert, Fried & Levitt, P.C.* (by *Gary E. Levitt* and *Mary K. Morgan),* for plaintiff.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, *William L. Woodard,* Supervising Assistant Corporation Counsel, and *Harnetha Williams-Jarrett,* Assistant Corporation Counsel, for defendant.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

BEASLEY, P.J. Plaintiff, Janice A. Gillispie, appeals as of right from an order denying her motion to set aside a document entitled a Satisfaction of Judgment.

The history of this case is set forth in *Gillispie v Board of Tenant Affairs of the Detroit Housing Comm,*[1] in which we affirmed a judgment of $500,-000 in favor of plaintiff. This judgment was entered after an order of *remittitur* had reduced a jury verdict of $750,000. The parties agreed that $956,463.50 would fully pay the judgment, and that amount was paid to plaintiff. On January 20, 1984, a satisfaction of judgment was filed. At no time prior to the filing of the satisfaction of judgment did plaintiff ever dispute the method utilized to calculate the interest.

In August, 1984, plaintiff filed a motion in the circuit court for relief from final proceedings pursuant to GCR 1963, 528.3(1), now MCR 2.612(C)(1)(a). Plaintiff argued that relief should be granted based on a mistake, which she contends

---

[1] 122 Mich App 699; 332 NW2d 474 (1983), *lv den* 417 Mich 1100.37 (1983).

became apparent after this court's decision in *Gage v Ford Motor Co,*[2] but the motion was denied.

On appeal, plaintiff claims that the trial court abused its discretion in denying her motion to set aside the satisfaction of judgment.

MCL 600.6013; MSA 27A.6013, which governs the computation of interest on money judgments recovered in civil actions, was amended by 1980 PA 134 to read:

"Sec. 6013. (1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

"(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually."

Prior to the *Gage* decision, there was considerable confusion as to whether the 12% should be compounded only on the original judgment or on the balance owing as of June 1, 1980. In *Gage,* this Court decided the question in favor of the latter interpretation. The parties in the within case, however, calculated the interest owing on plaintiff's award in accord with the other method. Plaintiff sought relief from the judgment after publication of *Gage* on the basis that the calculation of interest was the result of a mutual mistake.[3] As indicated, the trial court denied plaintiff's motion to set aside the judgment.

Denial of a motion to set aside a judgment will

[2] 133 Mich App 366; 350 NW2d 257 (1984), *lv gtd* 422 Mich 873 (1985).

[3] GCR 1963, 528.3(1), now MCR 2.612(C)(1)(a).

not be reversed on appeal absent an abuse of discretion. Relief from a judgment under GCR 1963, 528.3(1) will only be granted when the circumstances are extraordinary and the failure to grant the relief would result in substantial injustice.[4] A mutual mistake is one in which the written instrument differs from the parties' intent because of a mutual; error. It does not refer to a mistake regarding an extrinsic fact. In *Marshall v Marshall,*[5] we examined the effect of a mutual mistake on a property settlement agreement and held that if there was no mistake as to the instrument actually entered into, then relief from the judgment will not be granted.

The satisfaction of judgment entered in the present case accurately represented the intention of the parties. The so-called mistake complained of by plaintiff related only to plaintiff's method of computing the interest; an extrinsic fact. Moreover, at the time that the parties computed the interest and agreed upon the amount, their computation was not incorrect.[6]

Finally, we do not believe that the failure to set aside the satisfaction of judgment will result in a substantial injustice. Plaintiff's attorney was obviously aware of the computation method applied and apparently selected it. If MCL 600.6013; MSA 27A.6013 was previously open to interpretation, plaintiff's counsel could have just as easily selected the alternate method, but apparently chose not to do so. Plaintiff, by executing the satisfaction of judgment, acknowledged the method of computation, affirmed the calculation and gave an aura of

---

[4] *Lark v Detroit Edison Co,* 99 Mich App 280, 282-283; 297 NW2d 653 (1980), lv den 410 Mich 906 (1981).

[5] 135 Mich App 702, 711; 355 NW2d 661 (1984).

[6] *Schwartz v Piper Aircraft Corp,* 90 Mich App 324; 282 NW2d 306 (1979).

finality to the transaction. No substantial injustice is visited upon plaintiff by now requiring her to abide by the terms of the judgment which she knowingly accepted. For these reasons, there was no abuse of discretion in the trial court's denial of the motion to set aside the satisfaction of judgment.

Plaintiff also argues that since *Gage* did not create new law, but merely interpreted a pre-existing statute, its application is not controlled by the considerations which typically determine retroactive application. While it may be said that *Gage* did not create a new rule of law, as that term is typically understood, it did resolve an ambiguity in the law which had previously led trial courts to interpret the statute in contrary and inconsistent ways. In *Gage*, the Court said that "[t]he statute is clearly open to either construction", thereby negating plaintiff's contention that the contrary conclusion was incorrect even prior to *Gage*.[7] If *Gage* did not constitute new law, it was clearly a departure from many of the earlier cases, and it should not be retroactively applied absent consideration of its effect on the parties and the administration of justice.

Three considerations are often applied to control retroactivity: (1) the purpose of the new rule, (2) the litigants' reliance on the old rule, and (3) the impact of the rule on the administration of justice.[8] Consideration of the third factor alone militates in favor of denying the retroactive application of *Gage* to the present case. As the trial court noted, if *Gage* were to be applied to cases in which a satisfaction of judgment had already been executed, "[w]e could have 10,000 people coming back

[7] *Gage, supra*, p 373.

[8] *Thompson v Thompson*, 112 Mich App 116, 120; 315 NW2d 555 (1982).

here and asking the court to change their judgments". The court's concern is not without basis. The application of *Gage* to an action which is no longer pending could well open the floodgates to other litigants eager to increase their recovery and could lead to disasterous results in relation to matters properly considered closed.

Moreover, even if retroactive application was deemed fitting, it would not extend to cases in which the cause of action is no longer pending. Normally, application of a new rule of law falls within one of three categories. A new rule of law may be (1) applied in all cases in which a cause of action has accrued and which are still lawfully pending, plus all future cases, (2) applied to the case at bar and all future cases, or (3) applied only to future cases.[9] Even the most far reaching category would not encompass the present case. We believe it is clear that retroactive application of *Gage* would be inappropriate in the present case.

Last, it should be remembered that traditionally the filing of a satisfaction of judgment is understood to have a finality about it and this is deservedly so. In the practice, experienced lawyers know that the last and final step in a case is the filing of a satisfaction of judgment. Cases should at some point have a finality about them. Appeals should not be endless. The filing of a satisfaction of judgment is and should be the mark of finality.

Affirmed.

---

[9] *Placek v Sterling Heights,* 405 Mich 638, 662; 275 NW2d 511 (1979), *reh den* 406 Mich 1119 (1979).