STORM v CITY OF WYOMING

Docket Nos. 158819, 159583, 159584, 159588, 159589, 159590, 159591, 159592, 159594, 159595, 159596. Submitted October 13, 1994, at Grand Rapids. Decided December 6, 1994, at 9:30 A.M.

John and Janet Storm and other similarly situated owners of parcels of land in the City of Wyoming petitioned the Tax Tribunal for review of their respective special assessments by the city for road improvements. The petitions were consolidated for hearing. The hearing officer, while specifically finding that the report of the petitioners' appraiser was unpersuasive, held that the petitioners had met their burden of proving the illegality of the special assessment by presenting an appraisal that indicated the increase in value of their properties was less than the city's determination of value. The Tax Tribunal adopted the proposed judgment of the hearing officer and entered a judgment reducing the special assessments. The city appealed, and the appeals were consolidated.

The Court of Appeals *held:*

Municipal decisions regarding special assessments are presumed to be valid and, generally, should be upheld absent a substantial or unreasonable disproportionality between the amount assessed and the value that accrues to the land as a result of the improvements. The petitioners' evidence that the increase in value in the properties was less than the amount of increase assumed by the city in the fixing of the special assessments was insufficient to establish a substantial or unreasonable disproportionality between the amount assessed and the value accruing from the improvement. Because the petitioners failed to meet their burden of proving the assessments invalid, the Tax Tribunal erred as a matter of law in modifying the special assessments.

Reversed.

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Peter A. Titta*), for petitioners.

*Garlington & Associates* (by *Donald J. Manderfeld*), for the respondent.

Before: FITZGERALD, P.J., and MACKENZIE and
L. M. GLAZER,* JJ.

PER CURIAM. In these consolidated cases, respondent, City of Wyoming, appeals as of right the November 2, 1992, opinion and judgment of the Tax Tribunal that incorporated by reference the proposed judgment of the hearing officer of the Tax Tribunal modifying the special assessments imposed by respondent on parcels of land owned by petitioners. We reverse.

Respondent contends that the Tax Tribunal erred as a matter of law when it made a determination de novo of the existence and extent of special benefits following petitioners' presentation of an unpersuasive appraisal. We agree.

Municipal decisions regarding special assessments are presumed to be valid and, generally, should be upheld absent a substantial or unreasonable disproportionality between the amount assessed and the value that accrues to the land as a result of the improvements. *Dixon Rd Group v Novi,* 426 Mich 390, 402-403; 395 NW2d 211 (1986). To challenge effectively special assessments, petitioners, at a minimum, must present credible evidence to rebut the presumption that the assessments are valid. Without such evidence, the Tax Tribunal has no basis to strike down special assessments. *Kadzban v Grandville,* 442 Mich 495, 505; 502 NW2d 299 (1993).

The Tax Tribunal must conduct a proceeding de novo at which the petitioner bears the burden of proving the special assessments are invalid. MCL 205.735(1): MSA 7.650(35)(1); *Kadzban, supra* at 505, n 5, 508-509, 512; *Dixon, supra* at 401. If a petitioner fails to meet the burden of proving the special assessments invalid, the tax tribunal may

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not make a determination de novo of the benefit and substitute its judgment for that of the municipality. *Kadzban, supra.*

In this case, the hearing officer specifically determined that the value report of petitioners' appraisers was unpersuasive. Despite this determination, the hearing officer concluded that, under *Dixon,* petitioners met their burden of proving the illegality of the special assessment by simply presenting an appraisal that indicated an increase in value that differed from respondent's determination of value. However, *Kadzban* subsequently clarified that

> our decision [in *Dixon*] did not alter the degree of deference that courts afford municipal decisions. When reviewing the validity of special assessments, it is not the task of courts to determine whether there is "a rigid dollar-for-dollar balance between the amount of the special assessment and the amount of the benefit." . . . Rather, a special assessment will be declared invalid only when the party challenging the assessment demonstrates that "there is a substantial or unreasonable disproportionality between the amount assessed and the value which accrues to the land as a result of the improvements. [*Kadzban, supra* at 502.]

> As noted above, special assessments are presumed to be valid. Thus, to effectively challenge special assessments, plaintiffs, at a minimum, must present credible evidence to rebut the presumption that the assessments are valid. Without such evidence, a tax tribunal has no basis to strike down special assessments. [*Id.* at 505.]

Because petitioners failed to meet their burden of proving the special assessments invalid, the Tax Tribunal had no basis to make a determination de novo of benefit and to substitute its judgment for

that of the municipality. Accordingly, the Tax Tribunal erred as a matter of law in modifying the special assessments imposed by respondent. *Daguanno v Dep't of Treasury*, 203 Mich App 130, 133; 512 NW2d 32 (1993).

Given our resolution of the case, we need not address the remainder of the issues raised by respondent.

Reversed.