# STATE OF MICHIGAN

# COURT OF APPEALS

MTP/P LLC,

        Plaintiff-Appellant,

v

PETER G. LYNCH,

        Defendant-Appellee.

UNPUBLISHED
November 24, 2015

No. 322421
Isabella Circuit Court
LC No. 12-001132B-GC

MTP/P LLC,

        Plaintiff-Appellant,

v

TODD L. LEVITT,

        Defendant-Appellee.

No. 322567
Isabella Circuit Court
LC No. 2009-007873-CZ

Before: MARKEY, P.J., and OWENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

In Docket Nos. 322421 and 322567, plaintiff, MTP/P LLC, appeals as of right from a June 3, 2014 final order and opinion following a bench trial, which awarded plaintiff $5,196.15 in damages under a lease agreement, and awarded defendant, Peter Lynch, $3,692 in attorney fees for case-evaluation sanctions. In Docket No. 322421, we vacate the trial court's final order and opinion pertaining to defendant Lynch and remand for the trial court to address defendant Lynch's motion for summary disposition. In Docket No. 322567, we reverse the trial court's order granting defendant Levitt's motion for relief from judgment, and remand for reinstatement of the January 28, 2011 judgment. We also vacate the trial court's final order and opinion pertaining to defendant Levitt.

Plaintiff leased a building to defendants for a period of five years beginning April 15, 2007 and ending April 30, 2012, so defendants could operate a sporting goods store. The rent was $1300 per month, plus an additional $365 per month for common area expenses. Although defendant Lynch's name was on the lease, he was merely a silent financial partner and was not

-1-

involved in running the business. In June 2008, after defendants failed to consistently pay rent on time, plaintiff visited the premises and found it to be "demolished." Plaintiff immediately changed the locks, and having not heard from defendants, eventually sought new tenants.

Subsequently, plaintiff filed an action against both defendants[1] in LC No. 2009-007873-CZ, seeking damages for breach of contract regarding the lease agreement. On March 2, 2010, defendant Lynch was automatically dismissed without prejudice by the trial court because he was not timely served. Eventually, plaintiff and defendant Levitt agreed to a settlement, whereby defendant Levitt would pay plaintiff $18,500 in monthly installments of $275. This was reflected in a judgment entered by the trial court on January 28, 2011.

Then, on May 18, 2012, plaintiff filed a complaint against defendant Lynch in LC No. 12-001132B-GC, seeking damages for breach of contract. Plaintiff acknowledged that it previously filed a claim against defendants, which resulted in a judgment against defendant Levitt for $18,500, but argued that because defendant Lynch was dismissed without prejudice, he was still liable for the remaining damages plaintiff suffered from a violation of the lease. Specifically, plaintiff sought $23,264 from defendant Lynch, which was $41,674 in total damages less the $18,500 plaintiff received from defendant Levitt in the settlement.

Consequently, defendant Levitt moved for relief from the January 28, 2011 judgment pursuant to MCR 2.612(C)(1)(b), (c), and (f). Defendant Levitt argued that he entered into the settlement agreement with the understanding that plaintiff would not pursue claims against defendant Lynch. Defendant Levitt stated that he made it clear to plaintiff that the only way he would settle the case was if defendant Lynch was released from all obligation under the lease. Defendant Levitt interpreted the language in the judgment that "This resolves all disputes and matters herein and shall be a final order and judgment" to include claims against defendant Lynch based on plaintiff's counsel's representation.

Although defendant Levitt moved for relief from the January 28, 2011 judgment pursuant to MCR 2.612(C)(1)(b), (c), and (f), the trial court granted relief from judgment based on a finding of mistake under MCR(C)(1)(a). Specifically, the trial court found that defendant Levitt entered into the settlement under the mistaken belief that the claims against defendant Lynch were contained within that settlement.

Defendant Lynch filed a motion for summary disposition pursuant to MCR 2.116(C)(7), arguing, among other things, that because of the previous action and judgment against defendant Levitt, with whom defendant Lynch was in privity, the doctrine of res judicata and accord and satisfaction barred plaintiff's claim. This motion was rendered moot by the trial court's grant of defendant Levitt's motion for relief from judgment in the previous action.

The trial court then compulsorily joined defendant Lynch as a party in LC No. 12-001132B-GC, and the case proceeded to a bench trial, after which the trial court awarded $3,882 to plaintiff for lost rent. The trial court also awarded plaintiff five days' rent at $55.83 per day

---

[1] Defendants were named separately and not jointly and severally.

for a total of $279.15 for the period between the Demand for Possession and the date plaintiff changed the locks. Plaintiff was also awarded $450 for security tags that it loaned defendants, as well as attorney fees provided under the lease agreement. Defendants were granted a setoff of $4,950 for money that defendant Levitt paid to plaintiff under the previously set-aside judgment, and $60 for bike rims that were never returned to him.

After a hearing regarding plaintiff's proposed judgment, the trial court issued a final opinion and order, which determined that per the lease agreement, as part of its damages, plaintiff was entitled to $585 in attorney fees for recovering the leased premises. With regard to the case-evaluation sanctions requested by defendant Lynch, the trial court determined that defendant Lynch was the prevailing party pursuant to MCR 2.403(O)(3), and thus, was entitled to actual costs of $3,692.[2] Consequently, this appeal ensued.

We first address plaintiff's argument raised in Docket No. 322567, that the trial court erred by setting aside the January 28, 2011 judgment that reflected the settlement agreement between plaintiff and defendant Levitt. We review for an abuse of discretion a trial court's decision to grant relief from a judgment under MCR 2.612. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). Whether the trial court properly interpreted and applied the court rule is a question of law that this Court reviews de novo. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

As discussed, the trial court granted relief from judgment based on a finding of mistake under MCR(C)(1)(a). MCR(C)(1)(a) provides,

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.

"Mistake" for the purposes of MCR 2.612(C)(1)(a) has been understood by this Court to mean "mutual mistake." See, e.g., *Marshall v Marshall*, 135 Mich App 702, 708; 355 NW2d 661 (1984). The trial court may grant relief from judgment if it finds that both parties shared a mistaken belief that led to their consent to a settlement agreement. *Villadsen v Villadsen*, 123 Mich App 472, 477; 333 NW2d 311 (1983). However, "[w]ell-settled policy considerations favoring finality of judgments circumscribe relief under MCR 2.612(C)(1)." *Rose v Rose*, 289 Mich 45, 58; 795 NW2d 611 (2000). Therefore, generally relief from judgment is only granted "when the circumstances are extraordinary and the failure to grant the relief would result in substantial injustice." *Gillispie v Bd of Tenant Affairs of Detroit Housing Comm*, 145 Mich App 424, 428; 377 NW2d 864 (1985).

---

[2] Defendant Levitt also sought case-evaluation sanctions, but because he was not a party to the evaluation, the trial court determined that defendant Levitt was not entitled to case-evaluation sanctions.

In *Lark v Detroit Edison Co*, 99 Mich App 290; 297 NW2d 653 (1980), the defendant, referred to as Edison, challenged the trial court's denial of its motion to set aside summary judgments based on mistake.[3]  The defendant claimed that it made a mistake by not opposing the motions for summary judgments.  This Court stated:

> In *Kibby v Rhoads*, 29 Mich App 261, 185 NW2d 117 (1970), plaintiff received a default judgment against the defendant for a slip and fall injury. Subsequently, plaintiff sued defendant's insurer in a garnishment action.  Even though it was properly served with notice of the suit, the insurer did not defend the original action, claiming that it thought the suit had been dropped.  The insurer than tried to have the default judgment set aside under GCR 1963, 528.3(1).  This Court agreed with the trial court's conclusion that neither inadvertence, mistake, nor excusable neglect had been established.  The Court found the insurer's story to be "incredible".  Even if true, the Court stated, it was inexcusable that the insurer would not have investigated thoroughly whether the plaintiff had actually dropped the suit.
>
> We find Edison's actions to be equally indefensible.  Edison consciously chose not to answer the summary judgment motions because it believed Reliance's insurance contract covered the accidents.  With diligence, Edison easily could have read the contract and discovered that the accidents were not covered; thus, Reliance could have been sued.  We will not equate this lack of due diligence with the mistake or excusable neglect required under the rule for setting aside a judgment. [*Lark*, 99 Mich App at 283-284.]

In this case, notably, defendant Levitt is a licensed attorney and represented himself in the first action from which he sought relief from judgment.  As in *Lark*, this Court finds it incredible that defendant Levitt assumed the settlement agreement was binding on defendant Lynch when he was automatically dismissed from the action for failure to effect proper service before the settlement was reached.  Defendant Levitt stated that he made it clear to plaintiff that the only way he would settle the case was if defendant Lynch was released from all obligations under the lease.  However, defendant Levitt failed to include this as part of the settlement agreement.  It seems that any reasonable attorney who relied on such a promise would reduce it to writing.

As in *Lark*, defendant Levitt's lack of diligence should not be equated with the mistake required under MCR 2.612(C)(1)(a), particularly where "MCR 2.612(C)(1)(a) was not 'designed to relieve counsel of ill-advised or careless decisions.' " *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 394; 573 NW2d 336 (1997), quoting *Lark*, 99 Mich App at 283. Keeping in mind that policy considerations favor finality of judgments, we conclude that the circumstances in this case are not extraordinary and that failure to grant relief from the judgment would not result in substantial injustice. *Gillispie*, 145 Mich App at 428.  Therefore, we reverse

---

[3] The panel in *Lark* was interpreting the predecessor of MCR 2.612(C)(1)(a), but the language of the rules is identical.

the trial court's order granting defendant Levitt's motion for relief from judgment, and remand for reinstatement of the January 28, 2011 judgment. This also requires us to vacate the trial court's final order and opinion pertaining to defendant Levitt.

In light of our ruling, we also vacate the trial court's final order and opinion as it pertains to defendant Lynch and remand for the trial court to address defendant Lynch's motion for summary disposition based on res judicata, among other things, which was rendered moot by the trial court's order granting defendant Levitt's motion for relief from judgment.[4] Finally, given our ruling, it is not necessary to address the other issues raised by plaintiff.

In Docket No. 322421, we vacate the trial court's final order and opinion as it relates to defendant Lynch and remand for the trial court to address defendant Lynch's motion for summary disposition.

In Docket No. 322567, we reverse the trial court's order granting defendant Levitt's motion for relief from judgment and remand for reinstatement of the January 28, 2011 judgment. We also vacate the trial court's final order and opinion as it relates to defendant Levitt.

We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Amy Ronayne Krause

---

[4] Although this relief was not requested by either party, we deem it just pursuant to MCR 7.216(A)(7) and (9).