# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD LINCOLN and SHEREE LINCOLN,

        Plaintiffs-Appellants,

v

TOWNSHIP OF TUSCARORA,

        Defendant-Appellee.

UNPUBLISHED
April 19, 2016

No. 326107
Tax Tribunal
LC No. 00-435140

Before: TALBOT, P.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

In this challenge to a special assessment levied for the installation of a sewer system, petitioners appeal as of right the corrected final opinion and judgment issued by the Tax Tribunal on February 2, 2015, which rejected petitioners' challenges to the special assessment and concluded that respondent's $16,000 assessment of petitioners' property was proportionate to the benefit conferred by the proposed sewer. Because the Tax Tribunal did not commit an error of law or adopt a wrong legal principle when it modified its original opinion and determined the benefit received by petitioners to be proportionate to the costs of the assessment, we affirm.

Petitioners own two neighboring properties in Tuscarora Township, identified as parcel numbers: 161-024-400-129-00 ("parcel 00") and 161-024-400-129-01 ("parcel 01"). Parcel 00 is an improved lot, containing a residential unit and commercial space, while parcel 01 is an empty lot. In April of 2012, following a public hearing, Tuscarora Township implemented a special assessment for sewer improvements in certain portions of Tuscarora Township, an area that included petitioners' parcel 00. The plan to pay for the system involved assigning Residential Equivalence Units (REUs) to properties within the sewer district based on the use of the property, which was intended to give an approximation of water usage. Each REU was assessed $8,000. Petitioners were assessed two REUs for parcel 00, resulting in a $16,000 assessment for petitioners. Petitioners objected to the special assessment and they later filed a special assessment petition before the Tax Tribunal to challenge the special assessment.

Following a two day hearing, which included valuation evidence from respondent's appraiser, Ken Arndt, the Tax Tribunal rejected petitioners' challenges to the special assessment and held the benefit received by petitioners to be proportionate to the costs. The Tax Tribunal found that petitioner failed to present credible evidence to overcome the presumption of the assessment's validity or to show the costs of the assessment were disproportionate to the benefits

-1-

of the sewer to petitioners' property. In contrast, the Tax Tribunal credited Arndt, who testified that petitioners' property would receive a $10,000 increase in value from the sewer. Regarding the amount of the assessment, the Tax Tribunal stated that the "subject property was assigned 2 REUs at $8,000 per REU. Therefore, the total amount of the special assessment assessed to the subject property is $16,000." However, the Tax Tribunal erroneously divided the $16,000 assessment between petitioners' two properties, resulting in an $8,000 assessment on parcel 00 and an $8,000 assessment on parcel 01. The parties both contributed to this mistake by referring to both properties throughout the proceedings, beginning with the petition filed by petitioners and including respondent's proposed opinion. Despite this confusion in the parties' submissions, it is obvious from the evidence presented that parcel 00 was assigned 2 REUs, the $16,000 assessment was based on this assignment of 2 REUs, and that, in fact, only parcel 00 appeared on the special assessment roll.

Respondent later filed a motion to correct the opinion. The Tax Tribunal ordered briefing from the parties and the submission of documentation regarding the parcels. After reviewing this documentation, relying on MCR 2.612(C), the Tax Tribunal modified its original opinion. The Tax Tribunal concluded that its earlier opinion was void for want of jurisdiction with respect to parcel 01 because parcel 01 was indisputably not part of the special assessment district. Based on the evidence, the Tax Tribunal also found that only parcel 00 was subject to the assessment, that the benefit conferred by the sewer could be attributed solely to parcel 00, and that the $16,000 assessment was proper with regard to parcel 00. Petitioners now appeal to this Court as of right.

On appeal, petitioners contend that the Tax Tribunal's original opinion was final and that the Tax Tribunal lacked authority to modify its original judgment. According to petitioners, MCR 2.612(C) does not apply to the Tax Tribunal and, while clerical mistakes could be corrected, the present error was substantive in nature. In addition, even if the Tax Tribunal lacked jurisdiction over parcel 01, such that any judgment regarding parcel 01 is void, petitioners maintain that the $8,000 judgment regarding parcel 00 was valid and should not have been modified. Further, petitioners assert that the $16,000 assessment is disproportionate to the benefit conferred by the sewer. They emphasize that the Tax Tribunal's proportionality analysis depended largely on Arndt's testimony. Because Arndt mentioned both parcel 00 and parcel 01 in his appraisal, petitioners maintain that his findings regarding the benefits conferred by the sewer cannot be attributed solely to parcel 00. Petitioners seek to have the Tax Tribunal's original judgment reinstated or they request a rehearing on the matter.

Our review of decisions by the Tax Tribunal is limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). In particular, in the absence of fraud, review of a Tax Tribunal decision "is limited to determining whether the tribunal made an error of law or adopted a wrong principle." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011). Whether, and by how much, the value of property is increased by an improvement poses a question of fact for the Tax Tribunal. *Kadzban v Grandville*, 442 Mich 495, 502; 502 NW2d 299 (1993). "The Tax Tribunal's findings of facts are final if they are supported by competent and substantial evidence." *Eastbrook Homes, Inc v Treasury Dep't*, 296 Mich App 336, 343; 820 NW2d 242 (2012). "Substantial evidence is the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion, and it may be

substantially less than a preponderance." *Inter Co-op Council v Tax Tribunal Dep't of Treasury*, 257 Mich App 219, 221-22; 668 NW2d 181 (2003) (quotation marks and citation omitted).

As discussed, following a hearing, the Tax Tribunal entered an order approving an assessment of $8,000 on each parcel. However, after respondent moved for correction of the opinion, the Tax Tribunal entered a corrected opinion which included an assessment of $16,000 on parcel 00 and nothing on parcel 01. In issuing this corrected opinion, the Tax Tribunal relied on MCR 2.612 and subsection (C) in particular which, in relevant part, states:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> ***
>
> (d) The judgment is void.

Initially we note that, contrary to petitioners' claim that the Tax Tribunal cannot rely on this provision, MCR 2.612 provides a basis for the Tax Tribunal to grant relief from judgment. That is, the Tax Tribunal proceedings are generally governed by the Tax Tribunal Rules, which are a subset of the Michigan Administrative Code. *Pontiac Country Club v Waterford Twp*, 299 Mich App 427, 437; 830 NW2d 785 (2013). However, "[i]f no applicable rule exists within that subset, the Michigan Court Rules and certain sections of the Michigan Administrative Procedures Act apply." *Id.* See also TTR 792.10215. Because the Tax Tribunal Rules do not have a rule governing motions for relief from judgment, the court rules apply. See TTR 792.10215.

In this case, the Tax Tribunal specifically relied on MCR 2.612(C)(1)(d), which allows for relief when the judgment is "void." A judgment is considered void within the meaning of this provision if the court lacks subject-matter jurisdiction. See *Workers's Comp Agency Dir v MacDonald's Indus Prods, Inc,* 305 Mich App 460, 477; 853 NW2d 467 (2014); *Abbott v Howard,* 182 Mich App 243, 247; 451 NW2d 597 (1990). Subject-matter jurisdiction cannot be waived, *Elec Data Sys Corp v Twp of Flint*, 253 Mich App 538, 544; 656 NW2d 215, 220 (2002), and "the Tax Tribunal is at liberty to raise and decide the question of its own jurisdiction on its own motion and at any time," *Leahy v Orion Twp*, 269 Mich App 527, 532; 711 NW2d 438 (2006).

"Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case." *Harris v Vernier*, 242 Mich App 306, 319; 617 NW2d 764 (2000). Under MCL 205.731(a), the Tax Tribunal has exclusive and original jurisdiction over: "A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state." As evident from the statute's plain language,

for the tribunal to have jurisdiction pursuant to MCL 205.731(a), four elements must be present: (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. Where all such elements are present, the tribunal's jurisdiction is both original and exclusive. [*Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 53; 832 NW2d 728 (2013).]

As used within this provision, a "special assessment" refers to "a levy upon property within a specified district," the purpose of which is "to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area." *Kadzban*, 442 Mich at 500.

Under MCL 205.731(a), to the extent petitioners sought review of the township's imposition of a special assessment affecting their property, the Tax Tribunal had jurisdiction over the proceedings challenging the special assessment. See *Wikman v Novi*, 413 Mich 617, 632; 322 NW2d 103 (1982); *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 148; 829 NW2d 299 (2012). However, because parcel 01 was not part of the sewer district and was not subjected to a special assessment by the township, there was no final decision, finding, ruling, determination, or order that relates to a special assessment that would grant the Tax Tribunal jurisdiction over parcel 01. See *Hillsdale Co Senior Servs, Inc*, 494 Mich at 53. In other words, because a "special assessment" refers specifically to a tax levied on property within a defined area, *Kadzban*, 442 Mich at 500, cases involving property outside that area, that have not been subjected to an assessment, do not fall within the Tax Tribunal's power to consider challenges to a special assessment. See generally *Wikman*, 413 Mich at 632; *Harris*, 242 Mich App at 319. Because there is no other basis for a court's exercise of jurisdiction over parcel 01, the Tax Tribunal properly concluded that it lacked jurisdiction to enter an order pertaining to parcel 01. See MCL 205.731(a). The Tax Tribunal was free to assess its jurisdiction at any time, *Leahy*, 269 Mich App at 532, and therefore the Tax Tribunal properly corrected its earlier opinion to void any assessment pertaining to parcel 01. See MCR 2.612(C)(1)(d).

Having concluded that the Tax Tribunal had the authority to void its order relating to parcel 01, the question becomes whether the Tax Tribunal also had the authority to modify its judgment regarding parcel 00. Although not specifically cited by the Tax Tribunal, the Tax Tribunal's modification to its opinion with regard to parcel 00 was amply justified by MCR 2.612(C)(1)(a), which allows for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Under this provision, the "mistake may be a mistake of the trial court," *Altman v Nelson*, 197 Mich App 467, 477; 495 NW2d 826 (1992); *Fisher v Belcher*, 269 Mich App 247, 262; 713 NW2d 6 (2005), or a "mutual mistake" of the parties, *Marshall v Marshall*, 135 Mich App 702, 708; 355 NW2d 661 (1984). Typically, a motion for relief from judgment should be granted on the basis of mistake "when the circumstances are extraordinary and the failure to grant the relief would result in substantial injustice." *Gillispie v Bd of Tenant Affairs of Detroit Hous Com'n*, 145 Mich App 424, 428; 377 NW2d 864 (1985). In contrast, a claim of "mistake" should not be used as a means to "relieve counsel of ill-advised or careless decisions." *Lark v Detroit Edison Co*, 99 Mich App 280, 283; 297 NW2d 653 (1980). A motion on the basis of mistake must be brought within one year. MCR 2.612(C)(2).

In this case, the Tax Tribunal's original opinion determined that an assessment of $16,000 was appropriate based on the 2 REUs assigned to petitioners' property. It is undisputed that only parcel 00 is within the assessment district, and that the 2 assigned REUs relate solely to parcel 00.[1] However, the Tax Tribunal's original opinion divided the $16,000 assessment between parcel 00 and parcel 01, a finding that the Tax Tribunal later expressly recognized as erroneous. Given these facts, it was eminently reasonable to change the opinion and judgment to reflect the fact that the $16,000 was assessed only on parcel 00. This change to correct an obvious mistake will not harm petitioners. Petitioners were assessed $16,000 in the original judgment, and they were still assessed $16,000 following the correction. Cf. *Grettenberger Pharmacy, Inc v Blue Cross-Blue Shield of Mich*, 120 Mich App 354, 359; 327 NW2d 476 (1982) ("We note that this decision [to amend the judgment] results in no injustice to the defendant, whose original liability for wrongfully withheld money remains the same."). Indeed, it would be a substantial injustice on this record to assess parcel 00 at $8,000 and to simply ignore established facts regarding the assignment of REUs in relation to the assessment. All the evidence presented indicates that only parcel 00 was included in the sewer district, only parcel 00 was assigned 2 REUs, the assessment of $16,000 in the Tax Tribunal's original opinion was based on the assignment of 2 REUs, and ultimately only parcel 00 was included on the assessment rolls. These circumstances plainly merit the correction of the Tax Tribunal's mistake to reflect the established fact that only parcel 00 has been assessed.[2] See MCR 2.612(C)(1). We can discern no error of law or adoption of a wrong legal principle in the Tax Tribunal's correction of its opinion, and thus there is no basis on which to reverse the Tax Tribunal's decision. See *President Inn Props, LLC*, 291 Mich App at 631.

Aside from whether the Tax Tribunal had the authority to modify its previous opinion, we are also asked to review the Tax Tribunal's analysis of the proportionality of the special assessment compared to the benefit conferred on parcel 00 by the sewer. As noted, "[a] special

---

[1] The REUs were assigned as follows: 1 for petitioners' residential space and 1 for petitioners' commercial space. Lot 01 is vacant, and both the resident and commercial components of the property are on parcel 00.

[2] We note that the Tax Tribunal's mistake was not unilaterally made; rather, it was occasioned by the parties' representations, including, for example, respondent's proposed opinion asking for an $8,000 assessment on each parcel. Although MCR 2.612(C) should not be used to relieve counsel from carelessness, *Lark*, 99 Mich App at 283, the present case is one in which petitioners also plainly contributed to the trial court's error. Specifically, throughout the proceedings, *both* parties discussed both parcel 00 and parcel 01. Indeed, in response to arguments from petitioners, the Tax Tribunal specifically rejected all claims that respondent bore sole responsibility for the error and expressly found that "petitioner[s] initiated the allegedly erroneous claim" by including reference to parcel 01 in its petition. Given petitioners' co-responsibility for any mistake, we cannot see that the Tax Tribunal should be prohibited from correcting an obvious error. Instead, on the record presented, when the facts so unequivocally demonstrate that the assessment related solely to parcel 00, substantial justice is best served by correction of the opinion to reflect the fact that the $16,000 relates solely to parcel 00. See MCR 2.612(C)(1).

assessment is a levy upon property within a specified district." *Kadzban,* 442 Mich at 500. A special assessment is viewed "as remunerative" insofar as the levy is "designed to recover the costs of improvements that confer local and peculiar benefits upon property" within the defined area. *Id.* To be valid, special assessments must result in an increase in the value of the assessed property, *id.* at 501, and "there must be some proportionality between the amount of the special assessment and the benefit derived therefrom," *Dixon Rd Group v Novi,* 426 Mich 390, 401; 395 NW2d 211 (1986).

It is well-recognized that special assessments are presumed valid and should generally be upheld. *Kadzban,* 442 Mich at 502. A petitioner seeking to challenge a special assessment bears the burden of presenting credible evidence to rebut the presumption that the assessments are valid. *Kane v Williamstown Twp,* 301 Mich App 582, 586; 836 NW2d 868 (2013). Specifically, the petitioner must demonstrate "a substantial and unreasonable disproportionality between the amount assessed and the value that accrues to the land as a result of the improvements." *Storm v City of Wyoming,* 208 Mich App 45, 46; 526 NW2d 605 (1994). Without credible evidence from the petitioner to rebut the presumption of the assessment's validity, the Tax Tribunal "has no basis to strike down a special assessment." *Kadzban,* 442 Mich at 505. However, if the petitioner presents evidence effectively rebutting the presumption that the assessment is valid, then the "burden of going forward with evidence shifts" to the township, at which point the township must "present evidence proving that the assessments are reasonably proportionate in order to sustain the assessments." *Id.* at 505 n 5.

To measure the proportionality of the special assessment, there must be consideration of the increased market value of a piece of property with the improvement as compared to without the improvement, to determine whether or not the benefits derived from the special assessment are proportional to the cost incurred. *Ahearn v Bloomfield Charter Twp,* 235 Mich App 486, 496; 597 NW2d 858 (1999). When making this comparison, "the special assessment must benefit the assessed properties in proportion to the benefit received," *Kane,* 301 Mich App at 586, but there need not be "a rigid dollar-for-dollar balance between the amount of the assessment and the amount of the benefit," *Dixon Rd Group,* 426 Mich at 402-403.

In this case, the analysis begins with the presumption that the special assessment is valid. *Kadzban,* 442 Mich at 502. Petitioners presented no credible evidence of their property's value with or without the sewer. Their only evidence to rebut the presumption of the assessment's validity came from petitioner Richard Lincoln, who offered his own personal lay opinion that the sewer would decrease their property's value. The credibility of this testimony was for the Tax Tribunal, *President Inn Properties, LLC,* 291 Mich App at 635, and the Tax Tribunal concluded that this testimony was insufficient evidence of the sewer's benefit, or lack thereof, to the property. In the absence of any credible valuation evidence, petitioners failed to demonstrate "a substantial and unreasonable disproportionality between the amount assessed and the value that accrues to the land as a result of the improvements." *Storm,* 208 Mich App at 46. Consequently, petitioners failed to overcome the presumption that the assessment is valid. See *id.* Thus, there is no basis for striking down the assessment, and the burden does not shift to respondent to prove the assessment's proportionality. See *Kadzban,* 442 Mich at 505 & n 5. "On this basis alone, the decision of the Tax Tribunal was correct and should be upheld." *Id.* at 505.

Nonetheless, although the burden never shifted to respondent, petitioners note that the Tax Tribunal's analysis of the assessment's validity relied heavily on Arndt's appraisal of the property and his conclusion that the sewer would add $10,000 worth of benefit to petitioners' property. According to petitioners, Arndt's conclusions were seriously flawed because his appraisal mentioned both parcel 00 and parcel 01, and parcel 01 should not have been included in the analysis because it was not part of the assessment district. However, even if Arndt erred by including parcel 01 in his appraisal, it is apparent that any error was harmless given that the burden never shifted to respondent because petitioners wholly failed to rebut the presumption that the assessment was reasonable in comparison to the costs of the assessment. See *id.*

Moreover, even if we consider the substance of Arndt's appraisal, it is clear that the Tax Tribunal's findings of increased value were supported by competent and substantial evidence. That is, when issuing its corrected opinion and judgment, the Tax Tribunal rejected petitioners' challenge to Arndt's appraisal, finding that, despite any reference to parcel 01 in the appraisal, the $10,000 increase in market value identified by Arndt relates solely to parcel 00. In particular, upon examination of the appraisal, the Tax Tribunal noted that Arndt's calculation of the increase in value was based on a $2.76 per square foot premium for properties with sewers as opposed to on-site septic systems. Arndt applied this $2.76 "premium" to 3,904 square feet of petitioners' property for a total of $10,775, which he then rounded to $10,000. Elsewhere, the appraisal states that there is a building on the property that is 3,904 square feet. Notably, parcel 01 is vacant, while parcel 00 has a building on the land, meaning that, as the Tax Tribunal concluded, the 3,904 square feet in question can be attributed to a building on parcel 00 and any increase in value can be assigned solely to parcel 00. From this the Tax Tribunal reasonably concluded that any reference to parcel 01 in Arndt's appraisal did not affect the increase in value calculated by Arndt. Thus, as a factual matter, there was competent and substantial evidence supporting the Tax Tribunal's conclusion that the sewer will improve parcel 00's value by $10,000. While there is not a rigid dollar-for-dollar benefit-to-special assessment ratio, this is not required. See *Dixon Rd Group*, 426 Mich at 402-403. Ultimately, the Tax Tribunal's decision must be upheld because there is no error of law or adoption of a wrong legal principle. See *President Inn Props, LLC*, 291 Mich App at 631.

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro