LARK v THE DETROIT EDISON COMPANY

Docket Nos. 44253, 44254. Submitted June 11, 1980, at Detroit—
Decided August 11, 1980. Leave to appeal applied for.

Lorraine Below and Martin Miller, administrators of the estate of
Bernal Below, and Dennis Lark and Kathleen Lark, brought
separate suits against defendant Detroit Edison Co., for negli-
gence in failing to provide Dennis Lark and Bernal Below, now
deceased, employees of Reliance Truck Company, with a safe
place to work. Edison was allowed to file a third-party com-
plaint against Reliance in both cases. Reliance moved for
summary judgment on each third-party complaint. Edison did
not oppose either motion. The motions were granted in sepa-
rate orders, Wayne Circuit Court, Horace W. Gilmore, J. Edison
subsequently separately moved to set aside both orders dismiss-
ing the third-party complaints, which motions were denied.
Edison appeals. The cases were consolidated on appeal by the
Court of Appeals. *Held:*

Defendant's failure to oppose the motions of the third-party
defendant was due to lack of due diligence and will not be
equated with the mistake or excusable neglect required under
the court rule for setting aside a judgment. Further, defen-
dant's actions do not reflect the type of extraordinary circum-
stances which would justify relief. The trial judge's denials of
defendant's motions to set aside the orders dismissing the third-
party complaints were proper exercises of discretion.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ABUSE OF DISCRETION —
APPEAL.

A trial court's decision not to set aside a summary judgment is
discretionary and will not be disturbed on appeal, absent a
clear showing of an abuse of discretion.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 676.
[2] 46 Am Jur 2d, Judgments § 682.
[3] 46 Am Jur 2d, Judgments §§ 708, 717, 718.
[4] 46 Am Jur 2d, Judgments § 708 *et seq.*

2. JUDGMENTS — GENERAL COURT RULES — RELIEF FROM JUDGMENT — EXTRAORDINARY CIRCUMSTANCES — SUBSTANTIAL INJUSTICE.

   The court rule allowing relief from a judgment or order was not designed to relieve counsel of ill-advised or careless decisions, and application should be limited to extraordinary circumstances where failure to set aside a court's final determination will result in substantial injustice (GCR 1963, 528.3).

3. JUDGMENTS — GENERAL COURT RULES — MISTAKE OR EXCUSABLE NEGLECT — LACK OF DUE DILIGENCE — RELIEF FROM JUDGMENT.

   A party's lack of due diligence will not be equated with the mistake or excusable neglect required under the court rule for setting aside a judgment (GCR 1963, 528.3).

4. JUDGMENTS — GENERAL COURT RULES — RELIEF FROM JUDGMENT — EXTRAORDINARY CIRCUMSTANCES.

   Each case must be examined on its facts to determine whether relief from a judgment is necessary, and if such relief is not predicated on any grounds specified by the court rule and the substantial rights of the opposing party will not be detrimentally affected by a grant of relief, extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice (GCR 1963, 528.3).

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *John L. Christensen*), for defendant and third-party plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Henry J. Maher* and *Christine D. Oldani*), for third-party defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

RILEY, J. These consolidated appeals arose out of two lawsuits brought against Detroit Edison Company (hereinafter Edison) for negligence in failing to provide two employees of Reliance Truck Company (hereafter Reliance) with a safe place to work.

* Circuit judge, sitting on the Court of Appeals by assignment.

In the fall of 1976, Edison was allowed to file third-party complaints against Reliance. Reliance subsequently filed motions for summary judgment on each third-party complaint. The motions were based on the fact that both Reliance and Edison were insured by Hartford Accident and Indemnity Company. Reliance argued that since it is impossible to sue oneself, the complaints should be dismissed. Edison believed that Reliance's interpretation of the insurance policy was correct and did not oppose the motions. The motions for summary judgment were granted on March 22, 1978.

On February 2, 1979, Edison filed motions to set aside the orders dismissing the third-party complaints. Edison alleged that since the orders were entered, it had become aware of an exception in its insurance policy which would allow suit against Reliance. Edison argued that the lower court should set aside the summary judgments based on GCR 1963, 528.3. The lower court disagreed and denied Edison's motions on March 7, 1979.

GCR 1963, 528.3 provides relief from a final judgment or order under certain limited circumstances. Two of these reasons have been alleged by Edison here:

"(1) mistake, inadvertence, surprise, or excusable neglect; [and] * * *

"(6) any other reason justifying relief from the operation of the judgment."

The lower court found no reason to set aside the summary judgments. This was a discretionary decision, one which will not be disturbed on appeal absent a clear showing of an abuse of discretion. See *O'Neill v O'Neill,* 65 Mich App 332, 336; 237 NW2d 315 (1975), *Freeman v Remley,* 23 Mich App 441, 448; 178 NW2d 816 (1970).

Edison first claims that it made a mistake by not opposing the motions for summary judgment. We do not believe that GCR 1963, 528.3(1) was designed to relieve counsel of ill-advised or careless decisions. See *Federal's Inc v Edmonton Investment Co,* 555 F2d 577 (CA 6, 1977), *Hoffman v Celebrezze,* 405 F2d 833 (CA 8, 1969). Its application should be limited to extraordinary circumstances where the failure to set aside the court's final determination will result in substantial injustice.

In *Kibby v Rhoads,* 29 Mich App 261; 185 NW2d 117 (1970), plaintiff received a default judgment against the defendant for a slip and fall injury. Subsequently, plaintiff sued defendant's insurer in a garnishment action. Even though it was properly served with notice of the suit, the insurer did not defend the original action, claiming that it thought the suit had been dropped. The insurer then tried to have the default judgment set aside under GCR 1963, 528.3(1). This Court agreed with the trial court's conclusion that neither inadvertence, mistake, nor excusable neglect had been established. The Court found the insurer's story to be "incredible". Even if true, the Court stated, it was inexcusable that the insurer would not have investigated thoroughly whether the plaintiff had actually dropped the suit.

We find Edison's actions to be equally indefensible. Edison consciously chose not to answer the summary judgment motions because it believed Reliance's insurance contract covered the accidents. With diligence, Edison easily could have read the contract and discovered that the accidents were not covered; thus, Reliance could have been sued. We will not equate this lack of due diligence with the mistake or excusable neglect

required under the rule for setting aside a judgment.

Edison also alleges that relief should be granted under GCR 1963, 528.3(6), for "any other reason justifying relief from the operation of the judgment". As stated in *Kaleal v Kaleal,* 73 Mich App 181, 189-190; 250 NW2d 799 (1977), each case must be examined on its facts to determine whether this extraordinary relief is necessary. Three requirements must be satisfied: (I) the reason for setting aside the judgment must not fall under subrules (1) through (5), (II) the substantial rights of the opposing party must not be detrimentally affected if the motion is set aside, and (III) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice.

Edison's claim fails on all three counts. First, Edison has failed to allege any reason for setting aside the judgment beyond the mistake or neglect which is encompassed in subrule (1). Furthermore, as the lower court recognized, Reliance has now been prejudiced by the ten-month lapse since the summary judgment was entered. For example, during the ten months, Reliance personnel freely gave information to Edison, thinking that Reliance was no longer liable. Finally, we do not believe that the instant facts reflect the type of extraordinary circumstances which would justify relief. We must conclude, therefore, that the trial judge did not abuse his discretion in denying Edison's motions to set aside the judgment.

Affirmed.

Costs to third-party appellee.