LIMBACH v OAKLAND COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

Docket No. 186575, 191204. Submitted March 11, 1997, at Detroit. Decided
November 14, 1997, at 9:30 A.M.

Deniese and Paul Limbach brought an action in the Oakland Circuit
Court against the Oakland County Board of County Road Commis-
sioners, alleging negligence in the design, construction, and mainte-
nance of a road under the board's jurisdiction. Antonio Kout-
souradis brought an action in the Oakland Circuit Court against
Deniese Limbach and the Oakland County Board of County Road
Commissioners, alleging negligence. The lawsuits arose out of an
automobile accident involving Deniese Limbach and Koutsouradis
while each was driving an automobile on a road in Oakland County.
In the Koutsouradis action, Deniese Limbach filed a cross-claim
against the board for indemnification on the same negligence
grounds she asserted in her action against the board. Koutsouradis
settled his claims against the board and Deniese Limbach, who
then stipulated the voluntary dismissal of her cross-claim with
prejudice. Deniese Limbach, fearing that the dismissal of her cross-
claim would have res judicata effect on her action against the
board, moved to vacate or modify the order of dismissal of her
cross-claim. The court, Steven N. Andrews, J., denied the motion.
The board then moved for summary disposition of the Limbach
action on the grounds of res judicata. The court, Robert C. Ander-
son, J., granted the motion. Deniese and Paul Limbach appealed as
of right the order of summary disposition of their action against the
board, and Deniese Limbach appealed by leave granted the order
denying her motion to vacate or modify the voluntary dismissal
with prejudice of her cross-claim. The appeals were consolidated.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by refusing to set
aside or modify the stipulation and order of dismissal of the cross-
claim. Relief from the order pursuant to MCR 2.612(C)(1) is not
warranted under the asserted grounds of mistake, misconduct, or
other reasons justifying relief. Although a stipulation may be set
aside where there is evidence of mistake, fraud, or unconscionable
advantage, no such evidence exists here.

2. MCR 2.116(E)(3) allows a party to file more than one motion for summary disposition. The trial court did not err in considering the board's motion for summary disposition after earlier refusing to consider a similar motion.

3. The trial court did not err in summarily dismissing the Limbach action on res judicata grounds. The voluntary dismissal with prejudice of Deniese Limbach's cross-claim acted as an adjudication on the merits for purposes of res judicata.

Affirmed.

1. MOTIONS AND ORDERS — RELIEF FROM JUDGMENTS AND ORDERS.

Ill-advised or careless decisions by counsel and tactical errors by counsel are not grounds for granting relief from a final judgment or order (MCR 2.612[C][1]).

2. JUDGMENTS — RES JUDICATA.

There are three requirements for res judicata to apply: the prior action must have been decided on its merits, the issues raised in the second case must have been resolved in the first, and both actions must have involved the same parties or their privies.

3. JUDGMENTS — RES JUDICATA — VOLUNTARY DISMISSALS WITH PREJUDICE.

A voluntary dismissal with prejudice acts as an adjudication on the merits of the action for purposes of res judicata.

*Thurswell, Chayet & Weiner* (by *Harvey Chayet* and *Tammy J. Reiss*), for Deniese and Paul Limbach.

*Sills, Law, Essad, Fiedler & Charboneau, P.C.* (by *Thomas R. Charboneau, Jr.,* and *David W. Geiss*), for Oakland County Board of County Road Commissioners.

Before: SAWYER, P.J., and SAAD and GAGE, JJ.

SAAD, J. In Docket No. 186575, Deniese and Paul Limbach appeal as of right from an order granting summary disposition for the Oakland County Board of County Road Commissioners (OCRC). In Docket No. 191204, Deniese Limbach appeals by leave granted from an order denying her motion to vacate a stipula-

tion of voluntary dismissal. We affirm the orders in both cases.

These consolidated cases arise from an accident involving vehicles driven by Deniese Limbach and Antonio Koutsouradis. Two lawsuits were filed over the accident. First, Limbach sued the OCRC, alleging negligent design, construction, and maintenance of the road (hereafter "the Limbach lawsuit"). In that suit, she was represented by Harvey Chayet. Koutsouradis then sued Limbach and the OCRC in a separate suit (hereafter "the Koutsouradis lawsuit"). In that suit, Limbach was represented by different counsel. In the Koutsouradis lawsuit, Limbach filed a cross-claim for indemnification against the OCRC, which incorporated by reference the negligence claims of the Limbach lawsuit.

Eventually, Koutsouradis settled his claims against both Limbach and the OCRC for $85,000 and $15,000, respectively. After the settlement, the Koutsouradis lawsuit involved only Limbach's cross-claim against the OCRC. Limbach agreed to voluntarily dismiss this cross-claim against the OCRC. The stipulation stated that the dismissal was *with prejudice*. Fearing that the language of the stipulation would cause it to act as res judicata in the Limbach lawsuit, attorney Chayet (counsel in the Limbach suit) sought to vacate or modify the voluntary dismissal entered by the court in the Koutsouradis lawsuit. However, the trial court denied this motion.

Once the order of dismissal in the Koutsouradis lawsuit was entered, the OCRC filed a motion for summary disposition in the Limbach lawsuit on the grounds of res judicata, arguing that the dismissal with prejudice in the Koutsouradis lawsuit barred

Limbach from pursuing any claims against the OCRC. The Limbach trial court then granted summary disposition for the OCRC on the basis of res judicata, acknowledging that any modification of the dismissal in the Koutsouradis lawsuit would warrant reconsideration. Limbach's motion for reconsideration in the Koutsouradis lawsuit was denied.

### ANALYSIS

#### THE KOUTSOURADIS LAWSUIT

Limbach argues that the trial court in the Koutsouradis lawsuit[1] abused its discretion by refusing to set aside or modify the stipulation and order of dismissal. We disagree.

Pursuant to MCR 2.612(C)(1), a party may be relieved from a final judgment, order, or proceeding on any of the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

Limbach argues that she is entitled to relief under MCR 2.612(C)(1)(a), (c), or (f).

---

[1] Plaintiff Antonio Koutsouradis is not a party to this appeal.

For analysis of this issue, we assume that the stipulation acts as res judicata in the Limbach lawsuit and therefore that the agreement to dismiss the cross-claim "with prejudice" was a mistake. This type of mistake might be sufficient to allow a trial court to grant relief from judgment. See *Great American Ins Co v Old Republic Ins Co*, 180 Mich App 508, 510-511; 448 NW2d 493 (1989). However, it is not the type of mistake warranting reversal of a trial court's denial of relief. See *Hauser v Roma's of Michigan, Inc*, 156 Mich App 102, 105-106; 401 NW2d 630 (1986). Indeed, MCR 2.612(C)(1)(a) was not "designed to relieve counsel of ill-advised or careless decisions." *Lark v Detroit Edison Co*, 99 Mich App 280, 283; 297 NW2d 653 (1980).[2] Thus, we conclude that the trial court did not abuse its discretion by denying Limbach's motion to set aside or modify the stipulation and order of dismissal.

Limbach has not alleged misconduct on the part of the OCRC sufficient to warrant reversal under MCR 2.612(C)(1)(c). Thus, we conclude that the trial court properly declined to grant relief under that section.

Limbach's MCR 2.612(C)(1)(f) argument also fails because there are no extraordinary circumstances that mandate setting aside the judgment in order to achieve justice. *Lark, supra* at 284. Limbach created her own predicament. While her counsel's tactical error prejudiced her rights, such conduct does not warrant relief from the order. See *Haberkorn v Chrysler Corp*, 210 Mich App 354, 382; 533 NW2d 373 (1995); *Lark, supra* at 284. Thus, the trial court did

---

[2] The panel in *Lark* was interpreting the predecessor of MCR 2.612(C)(1)(a), but the language of the rules is identical.

not abuse its discretion in denying Limbach relief pursuant to MCR 2.612(C)(1).

Limbach also argues that she was entitled to relief from judgment on the basis of Michigan case law. This Court has suggested that a stipulation may be set aside where there is evidence of mistake, fraud, or unconscionable advantage. *People v Williams*, 153 Mich App 582, 588; 396 NW2d 805 (1986). Indeed, a stipulation is a type of contract, and contract defenses are available to a party who seeks to avoid a stipulation. See *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 379-380; 521 NW2d 847 (1994). However, Limbach has failed show grounds for relief based on mistake, fraud, or unconscionable advantage. First, Limbach's alleged mistake was unilateral and would not justify setting aside or modifying the stipulation. See *Rzepka v Michael*, 171 Mich App 748, 756; 431 NW2d 441 (1988). Second, Limbach has not alleged fraud on the part of the OCRC and therefore is not entitled to relief on that ground. Finally, Limbach has not alleged that the OCRC had unconscionably advantageous bargaining power. See *Stenke v Masland Development Co, Inc*, 152 Mich App 562, 572-573; 394 NW2d 418 (1986). Thus, the trial court did not abuse its discretion in denying Limbach's motion to set aside or modify the stipulation and order of dismissal. Therefore, we affirm the order of summary disposition in Docket No. 191204 (the Koutsouradis lawsuit).

### THE LIMBACH LAWSUIT

Limbach first claims that the trial court in the Limbach lawsuit erred in hearing the OCRC's motion for summary disposition because the court had

declined to resolve these issues in a previous motion. We disagree. This Court has held that MCR 2.116(E)(3) allows a party to file more than one motion for summary disposition. *Dep't of Social Services v Baayoun*, 204 Mich App 170, 176-177; 514 NW2d 522 (1994). Thus, the trial court properly considered the OCRC's motion.

Limbach next argues that the trial court erred in granting summary disposition for the OCRC on res judicata grounds. We disagree. We review a trial court's grant or denial of a motion for summary disposition pursuant to MCR 2.116(C)(7)[3] de novo to determine whether the moving party was entitled to judgment as a matter of law. *Huron Tool & Engineering Co v Precision Consulting Services, Inc*, 209 Mich App 365, 376-377; 532 NW2d 541 (1995).

There are three requirements for res judicata to apply: (1) the prior action must have been decided on its merits, (2) the issues raised in the second case must have been resolved in the first, and (3) both actions must have involved the same parties or their privies. *King v Michigan Consolidated Gas Co*, 177 Mich App 531, 535; 442 NW2d 714 (1989). This Court has held that a voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes. *Brownridge v Michigan Mut Ins Co*, 115 Mich App 745, 748; 321 NW2d 798 (1982). Thus, there is no doubt that Limbach's voluntary dismissal of her cross-claim for indemnification against the OCRC pre-

---

[3] The OCRC did not move for summary disposition pursuant to MCR 2.116(C)(7) in arguing that res judicata was the proper grounds in support of its motion. However, an order granting summary disposition under the wrong subrule may be reviewed under the correct rule. *Shirilla v Detroit*, 208 Mich App 434, 437; 528 NW2d 763 (1995).

cludes her from raising that claim against the OCRC again. In addition, Michigan cases have construed res judicata as applying both to claims actually raised in the prior action and to "every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not." *Sprague v Buhagiar*, 213 Mich App 310, 313; 539 NW2d 587 (1995). Therefore, a voluntary dismissal with prejudice acts as res judicata with respect to all claims that could have been raised in the first action.

Here, the voluntary dismissal of Limbach's cross-claim against the OCRC in the Koutsouradis lawsuit operates as res judicata with respect to her claim against the OCRC in the Limbach lawsuit. We note however, that Limbach is not without a remedy here because she has a pending case against counsel who advised her that the voluntary dismissal would not be res judicata with respect to the second lawsuit. We affirm the order of summary disposition in Docket No. 186575 (the Limbach lawsuit).

Affirmed.