# STATE OF MICHIGAN

# COURT OF APPEALS

FEDERATED FINANCIAL RESERVE
CORPORATION,

UNPUBLISHED
December 26, 2017

Plaintiff-Appellant,

v

No. 334117
Oakland Circuit Court
LC No. 2015-150134-AV

JUDY WANG, also known as JUDY WONG,

Defendant-Appellee,

and

W.Y. ENTERPRISES,

Defendant.

Before: MURRAY, P.J., and K.F. KELLY, and FORT HOOD, JJ.

PER CURIAM.

Plaintiff Federated Financial Reserve Corporation appeals by delayed leave granted the Oakland Circuit Court's June 28, 2016 order denying its application for leave to appeal the district court's order granting defendant Judy Wang's motion for relief from judgment.[1] For the reasons set forth in this opinion, we reverse the circuit court's order and remand to the district court for entry of an order denying defendant's motion for relief from judgment.

The procedural history of this collection action is largely undisputed. On August 6, 1999 plaintiff filed a three-count complaint alleging a breach of lease agreement, breach of guaranty and account stated. Specifically, plaintiff alleged that on or about July 18, 1996, defendant W.Y. Enterprises had entered into an equipment lease with plaintiff, and that Wang had agreed to guarantee the liability of W.Y. Enterprises pursuant to the terms of the lease. After W.Y. Enterprises breached the terms of the lease, plaintiff alleged damages in the amount of $11,190.70. A copy of the lease agreement at issue confirms that Wang signed the lease as an officer of W.Y. Enterprises, and also in her individual capacity to personally guarantee W.Y.

---

[1] Defendant Judy Wang is proceeding in propria persona in this appeal and resides out of state in Texas.

-1-

Enterprises's liability pursuant to the terms of the lease. An affidavit of service provides that Wang was personally served in both her individual capacity and on behalf of W.Y. Enterprises on October 18, 1999 while residing in New Orleans, Louisiana. On December 3, 1999, both W.Y. Enterprises and Wang were defaulted, and following plaintiff's motion for entry of default judgment, the district court entered a default judgment in the amount of $11,996.78 against W.Y. Enterprises on May 30, 2000. However, complicating matters and giving rise to the issue on appeal, the judgment also named Judy Wong, rather than Judy Wang.

For reasons unclear from the record, plaintiff did not move to collect against the judgment for 10 years, and on May 26, 2010, plaintiff moved to renew the judgment for an additional 10 year period. The district court entered an order renewing the judgment on May 26, 2010 listing Judy Wang as a defendant. On July 16, 2015, plaintiff filed a request and writ for garnishment directed to JP Morgan Chase Bank, and the writ reflects that the amount owing on the judgment, including interest and costs, was at that point $76,091.85. On August 25, 2016, Wang filed objections to the garnishment on the basis that the writ "was legally barred. Order renewing judgment incorrectly lists Defendant Judy Wang when default judgment was for Judy Wong." Wang also moved for relief from the order renewing the judgment. In her motion, Wang pointed out that the original judgment entered on May 30, 2000 named Judy Wong. Wang also alleged that plaintiff, "without notifying the Court, changed the case caption [on the May 30, 2000 order of judgment] to indicate that the named individual Defendant was Judy Wang." Wang also asserted that plaintiff "expressly misrepresented to the Court that [plaintiff] obtained a judgment against . . . Judy Wang[.]" Wang also noted that the complaint listed Judy Wong as a defendant, rather than Judy Wang, as did the affidavit of account stated attached to the complaint, the entry of default, and the default judgment. Pointing out that Wang had holds placed on her bank accounts as a result of the writ of garnishment, she moved for relief from judgment on the basis of MCR 2.612(C)(1)(c), (d) and (f). Specifically, Wang contended that the order renewing the judgment in this case was based on fraudulent and misleading information where plaintiff altered the case caption without following the appropriate procedure under the Michigan court rules, and that the order was void as a result. Wang also requested that the order renewing the judgment be stricken, and that any monies withheld by the garnishee be returned to Wang. Wang also argued that "the name Judy Wang should be stricken from any pleadings as she is not a defendant in this matter."

Plaintiff filed a response to Wang's motion, asserting that "[d]efendant fails to grasp or even address the core issue-that she, whether called Judy Wang or Judy Wong, is without question the correct Defendant who was properly sued and served with the complaint in this action, and the proper party responsible to Plaintiff under the judgment." Plaintiff also noted that Wang signed the lease on behalf of W.Y. Enterprises and in her personal capacity, and that when the lease was first signed, a deposit check in the amount of $650 was given to plaintiff, drawn on an account from a business entity that had the same address as W.Y. Enterprises, and was signed by "Judy C. Wang." According to plaintiff, when it moved to renew the May 30, 2000 judgment in 2010, plaintiff's counsel observed that his file contained a copy of the May 30, 2000 judgment with the name Wong crossed out, and Wang handwritten in its place. According to plaintiff, the handwriting was not that of plaintiff's counsel, and plaintiff's counsel "can only speculate as to the purpose or who made the handwritten change on the copy used in connection with the renewal[ ]" of the May 30, 2000 judgment. Plaintiff further stated that "over the past seven

years, [plaintiff's counsel] has filed hundreds, if not thousands, of similar motions, and has found that it is not uncommon for judgments to have handwritten corrections within them."

Specifically, plaintiff's counsel, Gregory S. Pierce, averred in a September 23, 2015 affidavit that in his experience filing hundreds of motions to renew judgments, "[i]t has been my practice that judgments often have hand written changes contained within them." Counsel for plaintiff stated that the handwriting on the copy of the May 30, 2000 judgment was not his, that he did not have any knowledge of the error until Wang's counsel brought it to his attention, "let alone any fraudulent intent or purpose in filing the motion [to renew judgment]." Plaintiff's counsel only became aware of the issue in August of 2015 when Wang's counsel pointed it out, and denied any "fraudulent intent." Relying on MCL 600.2311, plaintiff argued that any clerical errors in the May 30, 2000 judgment or any other documents in the lower court file ought not to thwart plaintiff's ability to collect against its judgment.

In her reply brief, Wang asserted that plaintiff did not adhere to the procedure set forth in MCR 2.611 allowing for amendment of a judgment, particularly where plaintiff sought to amend the judgment outside of the 21-day period allowed by that court rule. Wang also noted that when filing the motion to renew the May 30, 2000 judgment, plaintiff did not inform the district court that an alteration had been made to the caption on the original May 30, 2000 judgment.

The district court held a hearing on Wang's motion on October 1, 2015, and Wang's counsel pointed out to the trial court that the Michigan court rules provide for a specific procedure where a judgment requires amendment. Wang's counsel also expressed concern that the judgment had been amended by handwriting, and that a motion to renew the May 30, 2000 judgment was not filed until 10 years after the judgment was originally entered and that the amount of the judgment had grown exponentially as a consequence. According to Wang's counsel, "[m]y client is now on the hook for $55,000.00 of interest pursuant to an order that should never have been issued." While plaintiff's counsel acknowledged the clerical error, he argued that "this is clearly the right person. It's just a matter of there was a couple of mistakes in naming her Wong versus Wang and then it got changed and I explained that." Plaintiff's counsel also pointed out that Wang was not disputing that she was not properly served with the initial complaint. Ruling from the bench, the district court stated, in pertinent part, as follows:

> Thank you. The record should reflect that I've had an opportunity to review the motion, the response, and the reply. I've heard the arguments of counsel. And obviously, it appears what happened back in 1999 there was a default judgment entered against a Judy Wong W-o-n-g.
>
> And then within 10 years later that motion came to be renewed and for some reasons or [sic] the judgment was renewed and on the renewal it said Wang W-a-n-g and I don't know if those are pronounce[d] the same way or whatever. But anyway the judgment said Wang and that is the judgment that is being collected against the defendant who is W-a—who brings the motion before the Court is W-a-n-g.
>
> I'll indicate that obviously there are procedures to amend a judgment. There's also [MCR] 2.612 which talks about clerical errors and the Court

basically, [MCR] 2.612(a) basically says, "Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party and after notice."

And what I don't like here is that there was no notice to the Court. There was no notice to the other party. There was nothing, and counsel, I have to say I took a look at the judgment that you attached and I see that, you know, you may not have written another name, someone might have done that along the way but the Court's judgment did not say W-a-n-g. From looking through the file it looks like even the service when it was served [was] W-o-n-g. The response on a return of service says, no one by that name is at that address. So that if the suit against that person was W-o-n-g and I think that's what everyone was relying on.

Now, obviously, there's a question of whether this clerical error could or should be corrected. At this point, [the] Court's not in the position to make that determination with what I have here.

But I'll say this, what you have because of that period is all this interest, that frankly, if there'd been the correct name in the first place or even when this was first amended maybe this collection would have happened or this issue would have come up before there was all this interest. So, I'm going to grant the motion for relief.

The district court entered an order granting Wang's motion for relief from judgment on October 1, 2015. Specifically, the district court's order stated that "[t]he [o]rder [r]enewing [j]udgment dated May 26, 2010 is hereby vacated *nunc pro tunc*." On October 1, 2015, the district court also entered an order holding Wang's objections to the garnishment to be valid, and directing that all withheld funds be released to Wang. Plaintiff filed a motion for reconsideration on October 8, 2015, and in its motion noted that the funds at issue had been tendered to plaintiff by Wang's bank on August 25, 2015, and that the funds "had, in fact been sent to Plaintiff's accounting department where upon they were deposited into its general account and used to pay company debts." Plaintiff also argued that Wang had 28 days following the issuance of the writ of garnishment to object, and because Wang did not do so in a timely manner, she forfeited her right to object and the garnishee properly tendered the funds to plaintiff to satisfy the judgment against Wang. On October 21, 2015, the district court entered an order denying plaintiff's motion for reconsideration.

Plaintiff subsequently filed an application for leave to appeal with the Oakland Circuit Court, raising the same issues raised in the appeal to this Court, which the circuit court denied in an order entered June 23, 2016 "for lack of merit in the grounds presented." Plaintiff filed a delayed application for leave to appeal to this Court on August 2, 2016, and this Court granted the delayed application for leave to appeal on December 13, 2016. *Federated Financial Reserve Corp v Wang*, unpublished order of the Court of Appeals, issued December 13, 2016 (Docket No. 334117).

On appeal, plaintiff argues that the district court abused its discretion in granting Wang's motion for relief from judgment. We agree.

We review for an abuse of discretion the district court's decision regarding a motion to set aside a judgment pursuant to MCR 2.612. *Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (citation omitted) (opinion of TAYLOR, C.J.).

As a preliminary matter, we reject plaintiff's assertion that all issues in this case were moot at the time the district court decided the motion to grant relief from judgment. Plaintiff advances this assertion on the basis of the fact that the funds garnished from Wang's bank accounts had already been tendered to plaintiff at the time the motion was decided, although apparently unbeknownst to the parties, their counsel and the district court. "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Jackson v Thompson McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000) (citation and quotation marks omitted). Generally a satisfaction of a judgment will mark the end of legal proceedings. *Becker v Halliday*, 218 Mich App 576, 578; 554 NW2d 67 (1996). However, while the apparent satisfaction of the judgment in this case may have extinguished plaintiff's claims against Wang, we do not agree that Wang's ability to challenge the judgment was foreclosed. Moreover, the issue whether the judgment ought to have been set aside was not moot, given that no circumstances existed that would render it impossible for the district court to grant relief to Wang if a ruling was made in her favor. Accordingly, plaintiff's assertion that the issues in this case were rendered moot is without merit.

Turning to the substantive issue in this case, as plaintiff points out, the public policy of this state is to allow for the correction of clerical errors in judgments otherwise properly entered. For example, MCL 600.2315 provides, in pertinent part, as follows:

> When a verdict has been rendered in a cause, the judgment thereon shall not be stayed, nor shall any judgment upon confession, or default, be reversed, impaired, or in any way affected, by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, record or proceedings, namely:
>
> * * *
>
> (8) For a mistake in the name of a party or person, or in a sum of money; or in the description of property; or in reciting or stating a day, month or year, *when the correct name, time, sum or description shall have been once rightly alleged in any of the pleadings or proceedings*. [Emphasis added.]

Likewise, the court rules provide a clear and specific procedure for correcting clerical errors "in judgments . . . or other parts of the record[,]" as well as errors arising from oversight, or omission[.]" MCR 2.612(A)(1). Specifically, MCR 2.612(A)(1) provides that such clerical mistakes and errors are to be corrected by the court "at any time on its initiative or on motion of

a party and after notice, if the court orders it." For reasons unclear from the record, this procedure was not adhered to with respect to the May 30, 2000 judgment and the issue was not raised when the order renewing judgment was entered on May 26, 2010.

Defendant moved for relief from judgment pursuant to MCR 2.612(C), which provides, in pertinent part, as follows:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

* * *

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

* * *

(f) Any other reason justifying relief from the operation of the judgment.

In the instant case, it is not disputed that the guaranty signed by defendant Judy Wang was attached to the complaint, and that her name was properly spelled in the guaranty. And, because the guaranty was attached to the complaint, it is considered to be part of the pleadings "for all purposes." MCR 2.113(F)(2). Accordingly, MCL 600.2315(8) is applicable under the facts of this case and the clerical mistake in the spelling of defendant's name in the caption of the judgment was not a basis upon which to grant relief from judgment.

Additionally, in her motion seeking relief from judgment, Wang asserted that the order renewing the May 30, 2000 judgment should be set aside on the basis of MCR 2.612(C)(1)(c), (d) and (f). In her reply brief, and during the hearing on her motion, Wang primarily asserted that relief from judgment was warranted pursuant to MCR 2.612(C)(1)(a). This Court, construing the predecessor version of this subsection of the court rule, has recognized that "[i]ts application should be limited to extraordinary circumstances where the failure to set aside the court's final determination will result in substantial injustice." *Lark v Detroit Edison Co*, 99 Mich App 280, 283; 297 NW2d 653 (1980). In our view, this case does not present such unique circumstances. Put another way, a substantial injustice would certainly not result from upholding the judgment against Wang, particularly where the record reflects that Wang was

personally served with a copy of the complaint, and the guaranty attached to the complaint, as well as the proof of service, clearly set forth the correct spelling of defendant's surname.[2]

We also note that this case does not present "extraordinary circumstances" that warrant the granting of relief from judgment pursuant to MCR 2.612(C)(1)(f). *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1997).[3] Relief from judgment is appropriate pursuant to MCR 2.612(C)(1)(f) under the following circumstances:

> (1) the reason for setting aside the judgment must not fall under sub-sections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. [*Adler v Dormio*, 309 Mich App 702, 708; 872 NW2d 721 (2015), quoting *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (footnote omitted).]

Even if we were to conclude that the first two criteria were satisfied, we again acknowledge that the record does not reflect any misconduct on the part of plaintiff with respect to the clerical error at issue in this case, and we are not persuaded that the circumstances of this particular case are such that justice is best achieved by the application of MCR 2.612(C)(1)(f). See *Lark*, 99 Mich App at 284 (recognizing in the context of the predecessor court rule that when determining whether MCR 2.612(C)(1)(f) is applicable, each case "must be examined on its facts[.]").[4]

---

[2] Relief from judgment was also not warranted pursuant to MCR 2.612(C)(1)(c) or (d) where the record does not contain evidence of fraud or misconduct on the part of plaintiff, and where the clerical error in the default judgment did not render it void. MCL 600.2315(8).

[3] While defendant asserts that she has been denied substantive and procedural due process and that she incurred prejudice where the judgment was entered with the incorrect spelling of her last name, she has not supported these bare assertions with facts of record or citations to legal authority. "The appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for those claims." *DeGeorge v Warheit*, 276 Mich App 587, 596; 741 NW2d 384 (2007). "An appellant's failure to properly address the merits of [the] assertion of error constitutes abandonment of the issue." *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

[4] We also agree with plaintiff's contention that the district court erred in sustaining defendant's objections to the request and writ for garnishment where defendant did not timely file her objections in compliance with the applicable court rule. MCR 3.101(K)(1).

We reverse the circuit court's order denying plaintiff's application for leave to appeal and remand to the district court for entry of an order denying defendant's motion for relief from judgment. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood