*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

PAWNEE LEASING CORPORATION,

        Plaintiff-Appellant,

v

DEAN BACH,

        Defendant-Appellee,

and

DINO DROP, INC. and 45 DEGREE
HOSPITALITY,

        Defendants.

UNPUBLISHED
September 12, 2024

No. 367797
Oakland Circuit Court
LC No. 2022-197694-CB

---

PAWNEE LEASING CORPORATION,

        Plaintiff-Appellant,

v

DEAN BACH,

        Defendant-Appellee,

and

DINO DROP, INC. and 45 DEGREE
HOSPITALITY,

        Defendants.

No. 367799
Oakland Circuit Court
LC No. 2023-200534-CB

---

PAWNEE LEASING CORPORATION,

        Plaintiff-Appellant,

-1-

v

No. 368633
Oakland Circuit Court
DEAN BACH,

LC No. 2023-200750-CZ

Defendant-Appellee.

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals, in Docket No. 367797, plaintiff appeals by leave granted[1] from the trial court's order denying plaintiff's motion to set aside an order voluntarily dismissing defendant Dean Bach. In Docket No. 367799,[2] plaintiff appeals by leave granted from an identical order entered in that case. On appeal from these two orders, plaintiff argues that the trial court abused its discretion when it denied plaintiff's motion to set aside the orders because plaintiff's attorney made a drafting mistake when he dismissed "all defendants" and did not intend to dismiss Bach. In Docket No. 368633, plaintiff appeals by right from the trial court's order granting Bach's motion for summary disposition on the basis of res judicata. Finding no errors warranting reversal, we affirm.

I. BASIC FACTS AND PROCEDURAL HISTORY

This case involves a series of lawsuits filed by plaintiff Pawnee Leasing Corporation in an effort to collect what it claims are unpaid amounts from two leasing agreements entered into between plaintiff and defendant Dino Drop, Inc. According to the complaints filed in the various cases, plaintiff alleged that Dino Drop entered into two leasing agreements for restaurant equipment but failed to pay. Plaintiff also alleged that defendants Bach and 45 Degree Hospitality guaranteed Dino Drop's payment. The complaints alleged counts of breach of contract and conversion.

According to plaintiff, its attorney, Bryan Marcus, filed a lawsuit in 2021 against defendants in an effort to collect the alleged unpaid amounts. Bach was not served with the complaint, and plaintiff settled its claims against Dino Drop and 45 Degree Hospitality. Plaintiff claims Marcus filed another suit in 2022 against Bach, but the complaint was not served and the case was dismissed. Neither the 2021 or 2022 cases are part of the record before this Court.

On December 9, 2022, plaintiff filed a third complaint against defendants. According to plaintiff, Marcus mistakenly included Dino Drop and 45 Degree Hospitality as defendants in the

[1] *Pawnee Leasing Corp v Bach*, unpublished order of the Court of Appeals, entered February 15, 2024 (Docket No. 367797).

[2] *Pawnee Leasing Corp v Bach*, unpublished order of the Court of Appeals, entered February 15, 2024 (Docket No. 367799).

complaint. Plaintiff claimed that after filing the complaint, Marcus was notified of the mistake and agreed to voluntarily dismiss those defendants. However, instead of listing the two defendants that had already settled, Marcus named "all defendants" as those subject to dismissal. Thus, on January 10, 2023, the trial court entered an order of voluntary dismissal with prejudice as to all defendants. Plaintiff filed a fourth complaint on May 25, 2023. As with the previous complaint, plaintiff claims that Marcus was again notified that he mistakenly named Dino Drop and 45 Degree Hospitality as defendants. And in an apparent repeat of the same mistake in the previous case, Marcus filed a voluntary order of dismissal on June 2, 2023, again naming all defendants.

On June 7, 2023, plaintiff filed its fifth complaint against Bach, which named only Bach as a defendant. As in the other complaints, plaintiff alleged that Bach failed to pay the amounts due under the two lease agreements, and alleged counts of breach of contract and conversion. Bach moved for summary disposition of plaintiff's complaint under MCR 2.116(C)(7) and (C)(8), arguing that because the third and fourth cases were dismissed on the merits as to him, he was entitled to summary disposition under res judicata.

Before plaintiff responded to Bach's motion for summary disposition, on August 23, 2023, it filed motions in the previous two cases seeking to set aside the orders of dismissal as to Bach under MCR 2.612. In the motions, plaintiff explained that when Marcus filed the complaints, he mistakenly listed Dino Drop and 45 Degree Hospitality. On August 30, 2023, the trial court entered an opinion and order in each case denying plaintiff's request to set aside the dismissal orders. Regarding plaintiff's request for relief under MCR 2.612(C)(1)(a), the court stated:

> Michigan jurisprudence is well settled that the failure of an attorney to properly seek relief or support a legal position does not constitute a "mistake" under MCR 2.612(C)(l)(a). This is so because MCR 2.612(C)(l)(a) was not "designed to relieve counsel of ill-advised or careless decisions."

> In the instant case, the decision to include all Defendants in the Dismissal Order was a conscious (albeit mistaken) choice, and governing Michigan jurisprudence does not permit this Court to grant the relief sought.

Plaintiff responded in opposition to Bach's motion for summary disposition on September 19, 2023. Plaintiff explained that Marcus "only became aware of the mistaken inclusion of Bach in the Case 3 Dismissal Order and the Case 4 Dismissal Order when presented with the present motion for summary disposition in the current case." Plaintiff argued that the trial court should hold Bach's motion in abeyance until this Court resolved its then-pending applications for leave to appeal. The trial court subsequently entered an opinion and order granting Bach's motion:

> The Court finds it peculiar that Plaintiff would file the instant case rather than wait for the outcome of its appeals in the Business Court cases. Plaintiff has brought the exact claims against Bach as he did in the prior cases. The Court finds it inappropriate to proceed on the merits of this case when another Court has determined these claims were resolved on the merits.

The Court hereby grants Defendant Bach's Motion for Summary Disposition pursuant to MCR 2.116(C)(7), finding Plaintiff's claims are barred by the doctrine of res judicata.

Plaintiff moved for reconsideration of the trial court's order, reiterating its request to have the court hold the motion in abeyance or, in the alternative, grant defendant's motion but without prejudice. The court denied the motion, and these appeals followed.

## II. DOCKET NOS. 367797 & 367799

In Docket Nos. 367797 and 367799, plaintiff argues that the trial court abused its discretion when it denied plaintiff's motions to set aside the orders of voluntary dismissal as to Bach. According to plaintiff, Marcus made a drafting mistake when he included "all defendants" in the dismissal orders, and the trial court should have granted relief under MCR 6.212(1)(C)(a). We disagree.

### A. STANDARDS OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision to deny a motion to set aside a judgment or order. *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014). "An abuse of discretion occurs when the court's decision falls outside the range of principled and reasonable outcomes." *Komendat v Gifford*, 334 Mich App 138, 159 n 10; 964 NW2d 75 (2020) (quotation marks and citation omitted). The trial court's findings of fact, if any, are reviewed for clear error. *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 373-374; 983 NW2d 427 (2021). Under the clear error standard, this Court defers to the trial court's findings unless the Court is "definitely and firmly convinced the trial court made a mistake." *Id*. at 374.

### B. ANALYSIS

Under MCR 2.612(C)(1)(a), the trial court "may relieve a party . . . from a final judgment, order, or proceeding" in circumstances where there is "[m]istake, inadvertence, surprise, or excusable neglect." A motion made under MCR 2.612(C)(1)(a) must be made "within one year after the judgment, order, or proceeding was entered or taken." MCR 2.612(C)(2). In these cases, the orders of dismissal were entered on January 10, 2023, and June 2, 2023. In both cases, plaintiff moved to set aside the orders on August 23, 2023; thus, plaintiff has satisfied the requirement that the motion be made within one year.

In *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 391; 573 NW2d 336 (1997), the plaintiff was involved in an automobile accident after which two lawsuits were commenced: one between the plaintiff and the driver, and another between the plaintiff and the defendant road commission. The plaintiff was represented by different counsel in each case, and in the case involving the plaintiff and the driver, the plaintiff filed a cross-claim against the road commission for indemnification. *Id*. The plaintiff and the other driver settled and entered a stipulated order dismissing the cross-claim against the road commission with prejudice. *Id*. Plaintiff's attorney in the case against the road commission sought to have the dismissal set aside, which the trial court denied. *Id*. The road commission subsequently obtained summary disposition of the plaintiff's claims on the basis of res judicata. *Id*. at 391-392.

-4-

On appeal, this Court addressed the issue of whether the trial court abused its discretion when it denied the plaintiff's motion to set aside the dismissal order. *Id*. at 393. Although the Court acknowledged that the error in agreeing to dismiss the cross-claim "might be sufficient to allow a trial court to grant relief from judgment," the Court stated that the miscommunication between the plaintiff's attorneys was "not the type of mistake warranting reversal of a trial court's denial of relief." *Id*. Stating that MCR 2.612(C)(1)(a) was "not designed to relieve counsel of ill-advised or careless decisions," the Court concluded the trial court's decision was not an abuse of discretion. *Id*.

In *Lark v Detroit Edison Co*, 99 Mich App 280, 281; 297 NW2d 653 (1980),[3] the defendant was sued by two employees of Reliance Truck Company for alleged failure to provide a safe place to work. The defendant filed third-party claims against Reliance, after which Reliance moved for summary disposition on the basis that both it and the defendant were covered by the same insurer. *Id*. at 282. The defendant agreed and did not oppose the motion, and the trial court granted it. *Id*. The defendant later discovered that the relevant insurance policy provided an exception that would have allowed the suit and moved to set aside the order dismissing the third-party claims. *Id*. The trial court denied the motion, and the defendant appealed. *Id*.

Stating that the court rule "should be limited to extraordinary circumstances where the failure to set aside the court's final determination will result in substantial injustice," this Court found the circumstances of the case insufficient to warrant reversing the trial court's order. The Court explained:

> Edison consciously chose not to answer the summary judgment motions because it believed Reliance's insurance contract covered the accidents. With diligence, Edison easily could have read the contract and discovered that the accidents were not covered; thus, Reliance could have been sued. We will not equate this lack of due diligence with the mistake or excusable neglect required under the rule for setting aside a judgment. [*Id*. at 283-284.]

See also *Haberkorn v Chrysler Corp*, 210 Mich App 354, 382; 533 NW2d 373 (1995) (holding that counsel's misunderstanding of the consequences of rejecting a mediation evaluation award, which was an error "in assessing the consequences of their choice," was "insufficient to furnish a basis for relief under MCR 2.612(C)(1).").

Plaintiff contends that unlike in *Limbach* and *Lark*, in which the Court concluded that the erroneous but conscious decisionmaking of counsel was insufficient to conclude the trial court abused its discretion, Marcus's error was not the product of conscious decisionmaking but rather unconscious mistake. This assertion is belied by the record and the trial court's findings of fact. If plaintiff's assertion were true, Marcus would have had to believe that the third and fourth cases were still active as it related to Bach. But in the heading of the complaint in the fifth and last case, the only case in which Bach is the only named defendant, plaintiff averred that "[t]here was a prior

---

[3] Decisions of this Court decided before November 1, 1990, are not binding but may be considered for their persuasiveness. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

actions [sic] between the parties to the present case in this Circuit Court, case #2022-193221-CB and #2023-200534-CB. The cases are no longer pending." Lower court case no. 2022-193221-CB refers to the first case plaintiff filed, and lower court case no. 2023-200534 refers to the third case in Docket NO. 367797. In other words, at a minimum, when Marcus filed the complaint in the fifth case on June 7, 2023, he was aware that the third case had been filed and was no longer pending. And although Marcus did not list the fourth case as having been filed against Bach, Marcus had just filed the order of dismissal in that case the week before.

The trial court did not explicitly state in its opinion that it did not believe Marcus's assertion, but it appears that the trial court did not believe Marcus that he did not intend to dismiss "all defendants." The court found that "the decision to include all Defendants in the Dismissal Order was *a conscious (albeit mistaken) choice . . . .*" (Emphasis added.) This finding was not clearly erroneous given the circumstances of the case. And because the decision to include "all defendants" was the product of considered decisionmaking on the part of Marcus, under *Limbach* and *Lark*, the trial court was within its discretion to deny plaintiff's motions to set aside the dismissal orders.

## III. DOCKET NO. 368633

In Docket No. 368633, plaintiff argues that the trial court erred when it granted summary disposition in Bach's favor on the basis of res judicata. According to plaintiff, the orders of dismissal were erroneously entered and, therefore, once reversed, Bach would not have a basis to move for summary disposition. We disagree.

## A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. The court granted defendant's motion under MCR 2.116(C)(7), which permits summary disposition "because of release, payment, [or] prior judgment . . . ." "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dep't*, 309 Mich App 335, 340; 869 NW2d 645 (2015). Whether res judicata applies to bar a cause of action is also a question of law this Court reviews de novo. *ER Drugs v Dep't of Health & Human Servs*, 341 Mich App 133, 142; 988 NW2d 826 (2022).

## B. ANALYSIS

To establish entitlement to summary disposition on the basis of res judicata, Bach was required to show: "(1) the prior action must have been decided on its merits, (2) the issues raised in the second case must have been resolved in the first, and (3) both actions must have involved the same parties or their privies." *Limbach*, 226 Mich App at 395. In both the third and fourth cases, plaintiff entered voluntary dismissals of defendants, including Bach. These orders satisfied the requirement that the prior action was decided on the merits. See *id.* ("This Court has held that a voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes."). In addition, all of the complaints brought the same claims for breach of contract and conversion against Bach for failure to pay under the two lease agreements. Lastly, in all three

cases, plaintiff and Bach were parties. Because the orders of dismissal entered in Docket Nos. 367797 and 367799 were not an abuse of discretion, the trial court in Docket No. 368633 did not err when it granted Bach's motion for summary disposition.[4]

Affirmed. Defendant Bach, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

---

[4] Even if we were to agree that the trial court abused its discretion when it denied plaintiff's motions to set aside the dismissal orders, the proper remedy in Docket No. 368633 would not be to reverse the trial court's order granting summary disposition in the fifth case but to affirm it under alternative grounds. See MCR 2.116(C)(6) (permitting summary disposition when "[a]nother action has been initiated between the same parties involving the same claim").