*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LORAINE CLAEYS,

        Plaintiff/Counterdefendant-Appellant,

v

ROBERT JOHNSON and DENNA JOHNSON,

        Defendants-Appellees,

and

THOMAS CLAEYS,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
April 20, 2026
2:01 PM

No. 375111
St. Clair Circuit Court
LC No. 24-001296-CH

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Loraine Claeys, appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(7) to defendant, Thomas Claeys. We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

Loraine and Thomas are the adult children of Bernard Claeys and Terese Claeys. In 2005, Loraine and her parents purchased vacant land on Morrow Road in St. Clair County (the Morrow Road property), as joint tenants with rights of survivorship. They then sold the property on land contract to defendants Robert Johnson and Denna Johnson. In 2006, using a quitclaim deed, Loraine and her parents transferred the Morrow Road property into the Bernard and Terese Claeys Revocable Living Trust. Loraine and Thomas are equal beneficiaries of the trust.

In 2021, following the death of their parents, a probate court determined that, although the Morrow Road property was placed into the trust, Loraine retained her interest in the land contract with the Johnsons. As relevant to this appeal, in 2024, Loraine and Thomas reached a settlement

-1-

for distribution of the Trust. Under the terms of the settlement agreement, the Morrow Road property was conveyed to Thomas. Loraine, however, objected to Thomas receiving the property. She asserted that she continued to retain an ownership interest in the land contract with the Johnsons. The court disagreed and found that Loraine had conveyed all her interest in the property to Thomas in the settlement agreement. Accordingly, it finalized the settlement.

Two months later, Loraine filed an action against the Johnsons, seeking foreclosure on the land contract, and against Thomas for partition of the land. In response, Thomas moved for summary disposition, arguing that Loraine's action was barred by res judicata. Following oral argument, the trial court entered an order summarily dismissing Loraine's claims. This appeal follows.

## II. RES JUDICATA

### A. STANDARD OF REVIEW

Loraine argues that the trial court erred by determining her claims were barred by res judicata and granting summary disposition under MCR 2.116(C)(7). "We review de novo both a trial court's decision on a motion for summary disposition and its application of the legal doctrine of res judicata." *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016) (citation and quotation marks omitted).

### B. ANALYSIS

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014) (quotation marks and citation omitted). Res judicata bars a claim when the following elements are satisfied: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Garrett*, 314 Mich App at 442 (quotation marks and citation omitted).

Although Loraine argues that the trial court erred by determining that her claim against Thomas was barred by res judicata, she does not challenge any specific element of the doctrine. Instead, she argues that the settlement agreement in the prior action unambiguously distributed the Morrow Road *property* to Thomas, but that it did not distribute the Morrow Road *land contract* to Thomas. She notes that, earlier in the prior proceedings, the probate court recognized that the property and the land contract were two separate interests and that only the property was transferred into the Trust. Yet, Loraine raised this exact argument in the prior proceeding. The trial court resolved it by holding that Loraine agreed to waive the entirety of her interest in the Morrow Road property as part of the settlement agreement, including her interest in the land contract on the property. Loraine did not move for reconsideration of that determination, nor did she file an appeal challenging it. She instead filed a subsequent action seeking foreclosure of the land contract and partition of the Morrow Road property. The trial court then determined that res judicata barred her claim in the subsequent action.

The question, therefore, is not whether the trial court in the prior action erred by determining that Loraine's interest in the land contract was part of the settlement agreement. See *Foster v Foster*, 509 Mich 109, 121; 983 NW2d 373 (2022) (stating that res judicata applies without regard to the correctness of the prior action). Rather, the question is whether the trial court erred by determining that the doctrine of res judicata barred her from bringing her claims in the subsequent action. On appeal, Loraine does not address whether the prior action was decided on the merits, whether both actions involve the same parties or their privies, or whether the matter in the second action was, or could have been, resolved in the first. By failing to address the merits of the court's determination that her claim was barred by res judicata, Loraine has abandoned her challenge to the trial court's ruling. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in [her] brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

Notwithstanding that Loraine abandoned her claim, we conclude that the trial court did not err by determining res judicata barred the instant action. First, the prior action was decided on the merits. In the prior action, the parties agreed to a settlement on January 12, 2024. The terms of the agreement were placed on the record, and both Thomas and Loraine agreed, under oath, that the terms were correct and that they were entering into the agreement voluntarily. Loraine later raised objections related to the Morrow Road property, but the trial court overruled her objection, finding that she had agreed to waive *all* of her interest in that property as part of the voluntary settlement agreement. The court then entered the settlement agreement that conveyed all Loraine's interest in the Morrow Road property to Thomas. Voluntary dismissals with prejudice are decisions on the merits for purposes of res judicata. *Limbach v Oakland County Bd of Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997).

Second, there is no question that both actions involve the same parties. Thomas and Loraine, after all, were parties to both the first and the second actions.[1] See *Garrett*, 314 Mich App at 442.

Third and finally, it is plain that the matter in the instant action was resolved in the prior action. See *id*. at 441. "[W]hen examining factors for the third element of res judicata, Michigan courts employ the broad, pragmatic 'same transaction test,' often referred to as the 'transactional test,' rather than the narrower 'same evidence test.' " *Id*. at 442. "[T]he determinative question is whether the claims in the instant case arose as part of the same transaction as did the plaintiff's claims in the original action." *Id*. Here, the evidence, essential facts, and the arguments raised related to the Morrow Road property are identical to the evidence, essential facts, and arguments raised in the prior action. See *Adair v Michigan*, 470 Mich 105, 123; 680 NW2d 386 (2004) (citation and quotation marks omitted) ("[R]es judicata bars a subsequent action between the same

---

[1] We note that the Johnsons were not parties to the first action. However, the trial court found that because res judicata barred Loraine's claim against Thomas, her foreclosure action against the Johnsons was rendered "moot and without merit." Loraine does not directly challenge that aspect of the court's ruling on appeal.

parties when the evidence or essential facts are identical."). That is, in both cases, Loraine has asserted that the settlement agreement unambiguously distributed the Morrow Road property but not the land contract. On appeal, Loraine has identified no evidence, facts, or arguments that were not, or could not, have been raised during the prior action. She merely attempts to relitigate the same argument that was rejected by the probate court in the prior action.

In sum, each element of the doctrine of res judicata is satisfied in this case. The trial court, therefore, did not err by granting summary disposition under MCR 2.116(C)(7).

Affirmed. Defendants may tax costs under MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly