# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH GREEN,

Plaintiff-Appellant,

v

DETROIT SQUARE PROPERTIES, LLC doing
business as PROVIDENCE PLACE
APARTMENTS, and PROVIDENCE PLACE
APARTMENTS,

Defendants-Appellees.

UNPUBLISHED
September 6, 2018

No. 338251
Oakland Circuit Court
LC No. 2016-151432-NO

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

In this slip-and-fall premises liability matter, plaintiff appeals as of right the order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This case arises out of a fall taken by plaintiff outside of her daughter's apartment complex, owned and managed by defendants, respectively. Plaintiff claimed that she was walking on defendants' sidewalk at approximately 10 a.m. on March 1, 2013. Plaintiff claimed the sidewalk "did not display any snow or signs of ice on it or the adjacent grass." Regardless, plaintiff slipped and fell on what she characterized as "black ice," resulting in injuries to her neck, back, right hip, and legs.

Plaintiff filed suit against defendants, claiming that defendants negligently breached their duty to plaintiff, pursuant to MCL 554.139, by failing to maintain the sidewalk in a reasonably safe condition so that it was fit for its intended use. Plaintiff further alleged that defendants had possession and control of the premises where she fell, and that defendants knew, or should have known, that "black ice" was present and created an unreasonable risk of harm to plaintiff and any other invitees.

Following some discovery, defendants moved for partial summary disposition of plaintiff's claim under MCL 554.139. On December 2, 2016, a stipulated order dismissing plaintiff's claim of liability pursuant to MCL 554.139 was entered, dismissing plaintiff's claim

-1-

with prejudice. On February 14, 2017, defendants filed a second motion for summary disposition of plaintiff's remaining premises liability claim pursuant to MCR 2.116(C)(10). Defendants argued that the ice on which plaintiff fell was open and obvious, particularly in light of the fact that plaintiff was a lifelong Michigan resident, and earlier in the day, she had taken a photograph of a snowman adjacent to the snow-covered area where plaintiff fell. Defendants further argued that nothing about the "black ice" plaintiff claimed to have fallen on was "unreasonably dangerous" or unavoidable, nor did it create a unique likelihood of severe injury. Finally, defendants argued that they had no notice of the icy condition of the sidewalk prior to plaintiff's fall.

On February 21, 2017, the trial court entered a scheduling order which provided that plaintiff's response to defendants' motion was due on or before March 15, 2017. Plaintiff failed to file a response brief on or before March 15, 2017. Instead, on March 20, 2017, plaintiff filed a motion for leave to file a response to defendants' motion for summary disposition. Plaintiff claimed that the scheduling order did not specify a time for filing her response, and that counsel's computer malfunctions caused a delay in submitting her response brief. Plaintiff further noted that with her response, she had filed a counter-motion for summary disposition, but due to a clerical error, a motion fee was not provided at the time of filing, and therefore the filing was rejected. Pursuant to MCR 2.612, plaintiff asked the trial court to consider her response brief, and likewise, allow her to refile her counter-motion for summary disposition separately.

On March 28, 2017, the trial court entered an order granting plaintiff's motion. The order provided that plaintiff must submit her response and brief in support on or before March 29, 2017. Again, plaintiff missed the filing deadline. On March 31, 2017, plaintiff filed a second motion for leave to file a response to defendants' motion for summary disposition. Plaintiff argued that the order with the new deadline only provided 24 hours to file a response and brief in support, and again did not specify a time by which the filing was due. Plaintiff claimed to have filed her response on March 29, 2017, but on March 30, 2017, was notified that her filing was again rejected as untimely. Again, plaintiff requested relief under MCR 2.612(a) and (f), and further argued that the trial court was already in possession of her response, as a judge's copy had been delivered on March 16, 2017. Further, plaintiff argued, neither party would be prejudiced by allowing her to file her response. Plaintiff's second motion for leave to file a response was denied by the trial court in an order dated April 3, 2017, due to "lack of merit on the grounds presented."

On April 11, 2017, plaintiff again sought relief, this time through her motion for relief from the April 3, 2017 order, or in the alternative, a motion for reconsideration. Plaintiff argued that under MCR 2.612(a) and (f), the trial court may provide relief to plaintiff from the April 3, 2017 order due to mistake, inadvertence, or excusable neglect, or any other reason. Plaintiff went on to detail that from March 27, 2017 to March 29, 2017, counsel experienced "severe computer malfunctions that caused a delay" in submitting plaintiff's response. The computer malfunctions were resolved on March 30, 2017, at which point counsel immediately e-filed plaintiff's response. However, counsel was subsequently informed that the e-filing was rejected as untimely.

On April 14, 2017, the trial court denied plaintiff's motion in an opinion and order. The trial court found that plaintiff had failed to "demonstrate any 'mistake, inadvertence, surprise, or

excusable neglect' to justify . . . relief from the Order dated April 3, 2017, pursuant to MCR 2.612(C)(1)(a)[.]" Further, plaintiff's alternative motion for reconsideration was denied, as the trial court found relief was not warranted under MCR 2.119(F)(3).

The trial court ultimately granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) in an opinion and order entered on April 18, 2017. The trial court found, after reviewing defendants' brief and supporting documentation, that plaintiff failed to "evidence a genuine issue of material fact for trial relative to the open and obvious nature of the alleged 'black ice' condition on defendants' premises, for which no 'special aspects' exists that would make the condition or risk unreasonably dangerous under the circumstances." Accordingly, because plaintiff failed to meet her burden, summary disposition in defendants' favor was warranted. This appeal followed.

## II. TIMELY RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY DISPOSITION

Plaintiff first argues that the trial court improperly rejected plaintiff's first timely response for failure to pay a motion fee. Although we agree that ordinarily a motion fee is not required when a response to a motion for summary disposition is filed, plaintiff argued in her first motion for leave to file a response that she did, in fact, file a counter-motion for summary disposition. Plaintiff went on to argue in that motion for leave that due to a clerical error, the motion fee was not paid at the time of filing which ultimately caused the filing to be rejected.

Regardless, plaintiff's motion for leave to file a response was ultimately granted by the trial court, and plaintiff was given a second chance to timely file a response to defendants' motion for summary disposition. Therefore, this issue is moot. An issue is "moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 177 (1998). Because plaintiff's motion for leave to file a response to defendants' motion for summary disposition was granted, there is no further relief this Court could grant. "As a general rule, an appellate court will not decide moot issues," and we decline to do so here. *Id*.

## III. MOTION FOR RELIEF UNDER MCR 2.612(C)(1)(A)

Second, plaintiff argues that the trial court erroneously denied her motion for relief from the April 3, 2017 order. Plaintiff claims she showed the requisite "mistake, inadvertence, surprise, or excusable neglect" due to her counsel's "severe computer malfunctions" which caused the delay in submitting plaintiff's response to defendants' motion for summary disposition. We disagree.

This Court reviews a decision on a motion for relief or an order under MCR 2.612(C) for an abuse of discretion. *Wolf v Mahar*, 302 Mich App 120, 128; 862 NW2d 668 (2014).[1] An

---

[1] A trial court's decision not to consider documents filed after the deadline set forth in a scheduling order, i.e., an untimely response to a motion for summary disposition, is also

abuse of discretion occurs when the trial court reaches a result that falls outside the range of reasonable and principled outcomes." *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015).

Under MCR 2.612(C)(1)(a), a trial court is authorized to relieve a party from an order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." However, MCR 2.612(C)(1)(a) was not "designed to relieve counsel of ill-advised or careless decision." *Limbach v Oakland County Bd of County Road Com'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1997). In this case, plaintiff twice missed the deadline to file her response to defendants' motion for summary disposition articulated by the trial court in its scheduling orders. In fact, after missing the first deadline, the trial court granted plaintiff's motion for leave to file a response, yet again plaintiff missed the filing deadline due to a "computer malfunction." Plaintiff filed a second motion for leave to file a response, which was denied by the trial court. In her own motion for relief from the April 3, 2017 order denying her second motion for leave to file a response, plaintiff admitted that the computer malfunction began on March 27, 2017 – two days before the March 29, 2017 filing deadline. The alleged computer malfunction occurred well in advance of the filing deadline, which allowed plaintiff more than a sufficient amount of time to address this issue in order to successfully meet her obligations with respect to the litigation she initiated. Accordingly, we conclude that the trial court did not abuse its discretion in finding that plaintiff's alleged computer malfunction was insufficient to show the "mistake, inadvertence, surprise, or excusable neglect" required for relief under MCR 2.612(C)(1)(a).

Plaintiff also argues that MCR 2.612(C)(1)(f), which permits a trial court to relieve a party from an order for "[a]ny other reason justifying relief from the operation of the judgment," could apply here. However, this argument also fails because, as discussed *supra*, there are no extraordinary circumstances present that mandate setting aside the April 3, 2017 order in to achieve justice. *Limbach*, 226 Mich App at 393.

## IV. MOTION FOR SUMMARY DISPOSITION

Finally, plaintiff argues that the trial court erroneously granted summary disposition in defendants' favor where genuine issues of material fact continued to exist regarding (1) whether the dangerous condition that caused plaintiff's fall, what she calls "black ice," was open and obvious, and (2) whether defendants' had notice of the dangerous condition.

We note that by failing to file a timely response to defendants' motion for summary disposition, the arguments raised by plaintiff on appeal were not raised or addressed by the trial court, and therefore are unpreserved. *Jawad Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 5. The failure to raise an issue waives appellate review of that issue. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

---

reviewed for an abuse of discretion. *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005).

In *Walters*, our Supreme Court explained:

> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time where their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [*Walters*, 481 Mich at 388 (citations omitted).]

This Court may overlook preservation requirements if the "failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citations omitted). However, our Supreme Court has emphasized that the power to review an unpreserved claim of error should be "exercised quite sparingly," only under "what appear to be compelling circumstances to avoid a miscarriage of justice or to afford a [criminal] defendant a fair trial." *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987).

We conclude that failure to overlook the preservation requirements in this matter would not result in a miscarriage of justice, and therefore there is no need for us to exercise our discretion to review this issue on the merits. As discussed *supra*, plaintiff's failure to meet the filing deadline for her response to defendants' brief on appeal twice was inexcusable. Even after being given an opportunity to refile her response brief, plaintiff missed the deadline due to alleged technology issues that began two days before the extended deadline. Regardless, even if we were to exercise our discretion to review this issue, after a thorough review of the record before us, we conclude that defendants presented uncontroverted evidence that the danger in this case was open and obvious, and given plaintiff's lack of response, we must accept defendants' position as true. See *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), where our Supreme Court held that " 'black ice' conditions [are rendered] open and obvious where there are indicia of a potentially hazardous condition, including the specific weather conditions present at the time of the plaintiff's fall." In this case, it was early March in Michigan, the temperatures were below freezing, and there was snow accumulated on either side of the sidewalk. In fact, as defendants note, plaintiff had taken a photograph of a snowman in the yard earlier that morning. Any duty defendants' owed to plaintiff to protect or warn would not have extended to any hazards, including the one at issue here, that were open and obvious. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Therefore, we cannot conclude that the trial court erroneously granted summary disposition in favor of defendants.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien